RUFUS B. FOWLER & others *vs.* GEORGE F. BROOKS & others.

Worcester. October 4, 5, 1904. — May 17, 1905.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Mandamus. Municipal Corporations. School and School Committee.*

A petition of six taxpayers and citizens of a city for a writ of mandamus is not the proper remedy to determine whether, as alleged in the petition, the duty of caring for the public schoolhouses of the city belongs to the school committee and has been usurped by the mayor and city council, or whether it legally is vested in the last named public officers.

HAMMOND, J. Six taxpayers and citizens of the city of Worcester bring this petition for mandamus to compel the school committee of that city to assume the care of the public schoolhouses. It is not shown that the petitioners have any children attending the public schools, or that they have any interest in the matter except that which arises from the fact that they are such taxpayers and citizens.

So far as material to the ground of our decision the petition may be briefly summarized as alleging that the duty of caring for the public schoolhouses of the city rests legally upon the school committee, but that the performance of the duty is usurped by the mayor, city council, and superintendent of streets, who without right are taking the care and propose to continue to do so; and it prays that a writ of mandamus shall issue, commanding the school committee to do their duty in the premises and the usurpers to stop their usurpation.

In a word, the case as shown by the petition is that certain public bodies are usurping powers of the school committee with reference to the care of schoolhouses, and the petitioners want this usurpation stopped by a writ of mandamus. The school committee have answered in a body, admitting in substance that the duty of caring for the schoolhouses rests upon them, but declaring that the usurpers stand in the way so that they cannot discharge that duty; and they await, the order of the court.

Various motions to dismiss and answers including demurrers have been filed by the other respondents, in relation to which the petitioners have filed several motions, the whole resulting in a fairly complicated state of preliminary questions having but little, if any, bearing upon the real question at issue, which is whether or not the duty of caring for the schoolhouses rests by law upon the school committee.

We have not found it necessary to consider in detail the various questions arising upon the preliminary pleadings, because we are of opinion that for fundamental reasons the bill does not present a case calling for mandamus proceedings.

It is plain from a reading of the bill that the duty of caring for the schoolhouses is exercised by the mayor and city council, exercising their functions *de facto* and under a claim of right. In such a case mandamus which lies to compel the performance of a duty will not compel the admission of another claimant, or determine the disputed question of duty. The right of the alleged usurpers must be settled by some other proceeding in the nature of *quo warranto* or otherwise. See the rule stated in High, Ex. Leg. Rem. § 49, and the cases cited.

It is true that in this Commonwealth this rule has not been followed where a claimant of a public office seeks to oust an incumbent. Mandamus in such a case is held to lie. See the subject mentioned in *Strong, petitioner,* 20 Pick. 484, and the practice followed in *Conlin* v. *Aldrich,* 98 Mass. 557. See also, among other cases, *Putnam* v. *Langley,* 133 Mass. 204, and *Russell* v. *Wellington,* 157 Mass. 100. Of this practice, however, Field, C. J. says in *Luce* v. *Board of Examiners,* 153 Mass. 108, 111 : " The use of the writ of mandamus to try the title to an office, and to put one person out of and another person into an office, is undoubtedly unusual, and opposed to the weight of authority in other jurisdictions."

In the present case the question is not which of two persons is rightfully entitled to a public office, but upon which of several public officers rests the duty of performing a certain public function. To apply to such a case the rule which has been acted upon in this Commonwealth in cases where the sole question is which of two men is lawfully entitled to an office, is to extend it further than we have yet done. In view of the fact that the

principle involved in our practice in such cases is opposed to the great weight of authority, we are not inclined to extend it beyond the limits to which it already has been carried. This is not a proper case for the writ of mandamus.

*Petition dismissed.*

*J. S. Gould,* (*M. M. Taylor* with him,) for the petitioners.

*A. P. Rugg,* (*J. F. Humes & A. H. Bullock* with him,) for the respondents other than the members of the school committee.