[Civ. No. 854.     Second Appellate District.—June 13, 1910.]

JOHN H. DAWSON, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF KINGS, etc., and JOHN G. COVERT, as Judge Thereof, Respondents.

CITIES ORGANIZED UNDER MUNICIPAL CORPORATIONS ACT—SUBORDINATION TO GENERAL LAW IN MUNICIPAL AFFAIRS.—Cities organized under the municipal corporations act are subordinate to the general law with reference to municipal affairs.

CITIES EXEMPT FROM CONTROL OF GENERAL LAW IN MUNICIPAL AFFAIRS. Under section 6 of article XI of the constitution of this state, as amended in 1896, there are but two classes of municipal corporations exempt from the control of general law in municipal affairs, comprising those cities organized by special legislative charter prior to the adoption of the constitution of 1879, and cities operating under a freeholders' charter under that constitution.

ID.—JURISDICTION OF ELECTION CONTESTS UNDER MUNICIPAL CORPORATIONS ACT NOT EXCLUSIVE—CONCURRENT JURISDICTION OF SUPERIOR COURT.—The jurisdiction of election contests conferred upon the common council of cities, organized under the municipal corporations act to hear and determine election contests, is not exclusive, but is merely concurrent with that conferred upon the superior court by the constitution and laws of the state.

ID.—GENERAL RULE—EXCLUSIVE JURISDICTION NOT INFERRED.—Where jurisdiction is conferred upon a court or body to exercise judicial functions, exclusive jurisdiction is not to be inferred, and is only to be so regarded where the language is so plain as to show the legislative intent in that regard.

APPLICATION for writ of prohibition to the Superior Court of Kings County. John G. Covert, Judge.

Maurice E. Power, Dixon L. Phillips, and J. L. C. Irwin, for Petitioner.

H. Scott Jacobs, and Choynski & Humphreys, for Respondents.

THE COURT.—This application as presented is based upon the theory, first, that cities organized under the municipal corporations act are not subordinate to general law with reference to municipal affairs; and, second, that the general

municipal corporations act, which by its terms confers jurisdiction upon the city councils of the respective cities organized thereunder to hear and determine election contests, is the exclusive jurisdiction in that regard. With neither of these provisions do we agree.

Our supreme court in *Ex parte Helm*, 143 Cal. 556, [77 Pac. 453], has construed section 6 of article XI of the constitution of this state, as amended in 1896, to the effect that but two classes of municipal corporations are relieved from the control of general law in municipal affairs, these being those cities organized by special legislative charter prior to the adoption of the constitution of 1879, and cities operating under what is denominated a freeholders' charter; that other cities organized and operated under the municipal corporations act are subject and subordinate to general laws even in municipal affairs.

As to the jurisdiction of the common council to hear and determine election contests, we are of opinion that it is but a jurisdiction concurrent with the superior court conferred by the constitution and laws of the state. A long line of decisions tends to establish the proposition: That where jurisdiction is conferred upon a court or a body to exercise judicial functions, exclusive jurisdiction is not to be inferred, and is only to be so regarded where the language is so plain as to show the legislative intent in that regard. We see nothing in the municipal corporations act which confers upon common councils of cities of the sixth class organized thereunder authority to hear and determine election contests, as in any sense conferring exclusive jurisdiction.

Application for writ denied.