[Civ. No. 2323. Second Appellate District.—April 19, 1917.]

WILLIAM R. HAMILTON, Petitioner, v. WALTER MALLARD, as City Assessor of the City of Los Angeles, et al., Respondents.

PUBLIC OFFICE—PERFORMANCE OF DUTY BY DE FACTO OFFICER—MANDAMUS BY TAXPAYER.—A writ of mandate will not issue at the instance of a city taxpayer to compel an alleged *de jure* city assessor to perform the duties of such office, where the same are being performed by a county assessor under claim and color of right with the acquiescence of the city council and the city assessor *de jure*, as the question of the right to the office is one for litigation in a direct proceeding between the parties directly interested.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Second Appellate District to compel the performance of the duties of city assessor.

The facts are stated in the opinion of the court.

J. R. Scott, and James, Smith & McCarthy, for Petitioner.

Albert Lee Stephens, City Attorney, and C. B. Penn, Deputy City Attorney, for Respondents.

SHAW, J.—This is an original proceeding instituted by petitioner as the owner of property in the city of Los Angeles for a writ of mandate to be directed to Walter Mallard, as city assessor of the city of Los Angeles, and to other respondents as members of the council of said city, requiring the latter to furnish Mallard, as such assessor, certain stationery and supplies mentioned in the petition, alleged to be necessary for his use in the performance of his duties as such assessor and for which he had made requisition, and commanding respondent Walter Mallard as such assessor to perform the duties of assessor of said city.

The proceeding grows out of the fact that, under and by virtue of an amendment to the charter of the city of Los Angeles purporting to authorize such action, the city council adopted an ordinance whereby it was provided that, beginning on the fifth day of March, 1917, the functions of the city of Los Angeles relating to the assessment of property for tax-

ation should be transferred to, assumed, and discharged by
the officer of Los Angeles County performing similar func-
tions in such county, except as therein provided, and that the
office of city assessor be vacated and abolished; the effect of
which was to transfer the functions of city assessor to the
county assessor of Los Angeles County for performance.
Thereafter the board of supervisors of Los Angeles County
adopted a resolution approving such transfer, and assuming
for and on behalf of said county the discharge and perform-
ance of such functions by the proper officer of the county,
which officer, since the contrary is not made to appear, we
must assume by virtue of such transfer and the assumption
of such duties, has entered upon and is now engaged in the
discharge thereof.

The theory upon which petitioner bases his claim to the
issuance of the writ is the invalidity of the proceedings where-
by the functions of the office of city assessor were trans-
ferred to the county assessor for performance and the office
abolished.   In view of our conclusion that upon the facts
stated in the petition, to which a general demurrer was inter-
posed, the writ of mandate prayed for should not issue, it
will be unnecessary to discuss the several grounds upon which
petitioner's attack is made upon the validity of the amend-
ment to the charter pursuant to which the proceedings of the
council in effecting the transfer were had and taken.   If the
office was abolished, then clearly, since Mallard could not be
the incumbent of an office that had no existence, the writ would
not lie.   On the other hand, assuming the existence of the
office as claimed by petitioner, and that Mallard is the *de jure*
city assessor, who, as alleged, refuses to perform the func-
tions of the office, which are in fact being exercised by another
under color of right so to do, is petitioner entitled to the writ?
The answer to the question depends upon whether such per-
formance of duties by the county assessor constitutes him
the *de facto* incumbent of the office.   If such fact be made to
appear, then petitioner, since the law "for grave reasons of
public policy, holds valid the acts of such an officer" (*Morton
v. Broderick*, 118 Cal. 474, 480, [50 Pac. 644]), is not con-
cerned with the question as to the right of such county assessor
to assess city property.   "The lawful acts of an officer *de
facto*, so far as the rights of third persons are concerned, are,
if done within the scope and by the apparent authority of

office, as valid and binding as if he were the officer legally elected and qualified for the office and in full possession of it.'' (*Town of Susanville* v. *Long,* 144 Cal. 362, [77 Pac. 987].) While the writ will issue to compel the performance of official duty, it cannot, where there is a valid performance of such duty, be invoked to determine the disputed question as to which of two persons is entitled as of right to perform the duty. (*Fowler* v. *Brooks,* 188 Mass. 64, [3 Ann. Cas. 173, 74 N. E. 291].) That it will lie in a proper case at the suit of a taxpayer to compel the assessor to assess lands, admits of no doubt. (*People* v. *Shearer,* 30 Cal. 645; *Hyatt* v. *Allen,* 54 Cal. 353.) But where, as here, it appears that the duty of assessing property is being performed by one whose acts, if he be such *de facto* officer, are of the same validity as though exercised by the assessor *de jure,* how can a taxpayer be an aggrieved party or said to have any beneficial interest in the subject which can be affected? The sole inquiry, then, is not whether the proceedings which purport to abolish the office of city assessor and transfer its functions to the county assessor are valid, but, conceding them invalid, are the facts such as to constitute the person filling the office of county assessor the *de facto* city assessor? That he is such *de facto* officer, we think necessarily follows from his possession of the indicia of office and the fact that he is actually engaged in performing all the functions thereof, claiming so to do under color of right, with the acquiescence of the city council and the city assessor *de jure.* True, he does not hold himself out as being city assessor; but this, to our minds, is immaterial. It is the exercise of the functions of the office, not of right, but under claim and color of right, that gives the position of the county assessor its *de facto* character, rather than the name by which the office is designated. Conceding petitioner's right as a taxpayer to have a valid assessment made of all city property, nevertheless, since it appears such valid assessment is being made, he is in no position to insist upon the issuance of a writ of mandate to determine the legality of the proceedings under which the county assessor is engaged in the performance of the functions of the office. He is not concerned with the question of which of two persons purporting to act officially performs an act which, in either case, is equally free from objection. To issue the writ under such circumstances would be tantamount to permitting its use for

the purpose of determining, as between two adverse parties, the right and title to the office, for which purpose another proceeding is provided by statute. True, where the party is entitled to the relief sought, the writ will not be withheld in a proper case because of the fact that title to the office is incidentally involved. (*Morton* v. *Broderick*, 118 Cal. 480, [50 Pac. 644]; *McKannay* v. *Horton*, 151 Cal. 711, [121 Am. St. Rep. 146, 13 L. R. A. (N. S.) 661, 91 Pac. 598].) No facts are here disclosed, however, which bring the case within the exception to the general rule announced in those cases. Moreover, the writ of mandate does not issue as a matter of absolute right (*People* v. *Lieb*, 85 Ill. 484), and in the case at bar consideration should be given to the probable demoralization and disaster in the administration of the fiscal affairs of the city which might follow the granting of the application. If the proceedings for the transfer of the functions of the office are, as claimed, invalid, such question should be litigated in a direct proceeding, final as to parties directly interested, and not in a suit at the instance of a third party who, as it appears to us, has no beneficial interest in the matter.

The writ is denied.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 18, 1917.