[Civ. No. 2610. Third Appellate District.—January 25, 1923.]

## C. H. NIELSEN, Petitioner v. H. D. GREGORY, Judge, etc., Respondent.

[1] PUBLIC OFFICERS — COUNTY SUPERINTENDENT OF SCHOOLS — TITLE TO OFFICE—QUO WARRANTO.—Title to the office of county superintendent of schools cannot be determined in a *mandamus* proceeding to compel the judge of the superior court to approve the official bond of petitioner, but such question can only be determined in a *quo warranto* proceeding.

[2] ID.—PRIMA FACIE SHOWING OF TITLE—APPROVAL OF BOND.—The existence of contesting claimants of the office of county superintendent of schools is no valid objection to the approval of a bond, a *prima facie* showing of title being all that is demanded of one who presents the bond for approval.

[3] ID.—QUESTIONS OF TITLE—PROVINCE OF JUDGE.—While the judge is not required to approve a bond if it appears to him from an examination of the law that the appointment or election of the applicant was entirely illegal, it is not his province in such proceeding to determine disputable questions of title as would be proper in *quo warranto*.

PROCEEDING in Mandamus to compel the Judge of the Superior Court of Butte County to act upon the bond of petitioner as County Superintendent of Schools. Petition denied.

The facts are stated in the opinion of the court.

John R. Robinson for Petitioner.

W. E. Duncan, Jr., for Respondent.

BURNETT, J.—An original application was made in this court for a writ of mandate to require respondent to act upon the bond of petitioner, as county superintendent of schools for Butte County, and either approve or disapprove the same. The alternative writ was issued and upon the return day Irvin Passmore was permitted to become a party to the action, and file an answer and petition, setting up his claim as the legally constituted county superintendent of schools of said county and praying that respondent be directed to approve or disapprove the bond which had been

tendered to him by said Passmore as such superintendent. The whole difficulty arises from the question as to the authority of the board of trustees which made the appointment of superintendent of schools. The county of Butte is operating under a special charter ratified at a general election held November 7, 1916, and approved by the legislature on January 27, 1917. (Stats. 1917, p. 1791.) In article VII, sections 1, 2, and 3, of said charter are found all the provisions in reference to the appointment of a superintendent of schools as follows:

"There is hereby created a Board of County School Trustees, which shall consist of one member from each supervisorial district of the county, to be elected at the same time, for the same term and in the same manner as the members of the Board of Supervisors, except as hereinafter provided, to serve without compensation, but the members thereof shall receive actual and necessary expenses while attending to the duties of their office, including board and lodging.

"Said Board shall meet in the office of the County Superintendent of Schools on the first Monday after the first day in December succeeding their election, and as often thereafter as may be necessary, on the written call of the Chairman of said Board or of a majority of the members thereof. The first election of County School Trustees shall be held at the general election November, 1918, and the members of the Board elected at that time shall take office on the first Monday after the first day of December, 1918, to serve for two years and thereafter said Trustees shall be elected for the same term and be classified as to time of election in the same manner as the member of the Board of Supervisors from the Supervisorial district in which they are elected. They shall elect one of their number chairman, and a majority of their number shall constitute a quorum for the transaction of business, provided no act of the board shall be binding unless three members concur therein. In the event that the Chairman shall not be present at any meeting, one of the members shall be chosen to act as chairman *pro tempore,* and an order to that effect shall be entered in the minutes.

"It shall be the duty of said Board of County School Trustees:

"(a) To appoint a County Superintendent of Schools. This officer must be a certificated teacher, having a regular

elementary or high school certificate of the State of California, who has had not less than five years experience as a teacher or educational administrator, or both; two years of which shall have been in the five years immediately preceding his appointment. He need not be an elector of Butte County, but must reside in the county during his term of office. The term of office of the Superintendent of Schools shall be two years for the first appointment, unless sooner removed or recalled, and if reappointed the Superintendent shall hold office for four years, unless sooner removed or recalled.''

Prior to the fourth day of December, 1922, George W. Jones, Fred M. Turner, John Moreland, C. A. Tripp, and P. F. Bullington were the duly elected, qualified, and acting members of the board of trustees of said county. At the general election held on November 7, 1922, N. T. Enloe and W. F. Matthews were regularly elected members of the board to succeed said Tripp and Bullington. A serious question arises whether, under the provisions of the charter, their term began on the first Monday of December, which was the fourth day of December, 1922, or on the first Monday after the first day of January, 1923, but it is immaterial as far as this proceeding is concerned, and an expression of an opinion thereon would be of no binding force upon the litigants. On November 18, 1922, the board of trustees as then constituted, appointed Mr. Passmore, who had been superintendent of schools for several years and whose time was about to expire, superintendent for the term of four years. On December 4th the same board ratified the appointment made as before stated, but it is manifest that this ratification could add nothing to the force of the action taken on November 18th. On said fourth day of December the said George W. Jones, Fred M. Turner, John Moreland, N. T. Enloe, and W. F. Matthews, assuming to be and to act as the duly elected and qualified members of the board, met in the office of the county superintendent of schools, and after organizing as such board appointed petitioner, C. H. Nielsen, county superintendent of schools of said Butte County ''for the term beginning at noon on the first Monday after the first day of January, 1923, and as successor to the said Irvin Passmore, whose term as such county school superintendent would expire at said time. As to Mr. Nielsen, it may be

.stated that he has abandoned this proceeding for the reason that the "new" board reappointed him on January 8th, of this year and thereafter he presented a new bond to the judge of the superior court, which was approved by him and was thereafter filed as provided by law. As to Nielsen, therefore, the refusal of the judge to act upon his first bond is of no further consequence. Passmore, however, insists that the "old" board had authority to appoint him for a period extending nearly four years beyond the end of their term and that he is the legally appointed county superintendent of schools. [1] It is apparent, though, that we cannot in this proceeding finally determine the title to this office; in other words, which of the two competitive appointees is the legally constituted superintendent of schools of said county. It is conceded that such question can be determined only in *quo warranto* proceedings. (*Satterlee* v. *San Francisco*, 23 Cal. 314; *Buckner* v. *Veuve*, 63 Cal. 304; 32 Cyc. 1415.) We understand that steps have been taken to so determine it and it would be idle to attempt to forestall the result of such proceeding.

[2] It may be admitted that the existence of contesting claimants of the office is no valid objection to the approval of a bond. In such proceding a *prima facie* showing of title is all that is demanded of one who presents the bond for approval. [3] We do not mean to say that the judge would be required to approve the bond if it appeared to him from an examination of the law that the appointment or election of the applicant was entirely illegal, but that it is not his province in such proceeding to determine disputable questions of title as would be proper in *quo warranto*.

But this consideration is really beside the mark, because Mr. Passmore by the following allegation of his answer has shown that the judge did approve his bond: "That after said appointment on November 18, 1922, official notice having been received thereof, the said Irvin Passmore immediately accepted the position, and within the time allowed by law, filed his oath of office and his bond conditioned for the faithful performance of his duty as such County Superintendent of Schools, and which bond was duly approved by the Judge of the Superior Court of the County of Butte and thereafter duly filed and recorded."

It is of no moment that after said attempted ratification of Mr. Passmore's appointment made on December 4th, as aforesaid, he presented another bond which the judge declined to act upon. It is not claimed that the first bond was defective and no reason appears why the approval of the second bond would have aided Mr. Passmore in any way. The judge may have assigned an erroneous reason for his action, but Mr. Passmore has not been prejudiced by the failure to approve the second bond.

The petition is denied and the proceedings dismissed.

Hart, J., and Finch, P. J., concurred.