[S. F. No. 15329.   In Bank.—May 21, 1935.]

GLENN D. ROBINSON, Petitioner, v. JOHN J. MORAN, as City Treasurer, etc., Respondent.

John L. Childs and James A. Himmel for Petitioner.

H. A. Postlethwaite and G. Fletcher Dodd for Respondent.

THE COURT.—This is a proceeding in *mandamus* by which the petitioner, who alleges that he is the chief of police of Crescent City, seeks to compel the respondent, as treasurer of said city, to pay two warrants alleged to have been regularly issued to petitioner and purporting to cover his salary for the months of July and August, 1934. By way of return to the alternative writ heretofore issued, the respondent has demurred generally and filed an answer, the latter pleading denying many of the material allegations of fact contained in the petition. He denies that petitioner is the duly appointed, qualified and acting chief of police of Crescent City, denies that the warrants issued to petitioner are of any force or effect or constitute any charge upon the funds of the city, and denies that said warrants have been audited, approved or ordered paid by the city council. The answer then contains a series of allegations from which it may be deduced that some doubt exists as to whether the body purporting to act as the city council is, in fact, the duly elected and qualified legislative department of the city government.

Under the pertinent section of the Municipal Corporation Bill (2 Deering's Gen. Laws, 1931, Act 5233, p. 2915, sec. 876, as amended in 1933), it is the duty of respondent treasurer to "pay out moneys only on warrants signed by persons designated by law as the proper persons to sign warrants and not otherwise . . . " We are here confronted with several issues of fact having to do with the title to office of both petitioner and the city council which purported to approve his claim for compensation. While it has been held that title to office may be inquired into and determined, when incidentally involved in a proceeding having for its purpose the enforcement of a specific duty enjoined by law (*Barendt* v. *McCarthy*, 160 Cal. 680, 683, 684 [118 Pac. 228]; 16 Cal. Jur. 792, sec. 22), we are of the opinion that the several issues of fact presented in this proceeding may more readily be determined in the superior court wherein exist facilities for the expeditious disposition of such matters.

The present proceeding is, therefore, dismissed without prejudice to the institution in the superior court of an appropriate proceeding for similar relief.