[Civ. No. 10757.    Second Appellate District, Division Two.—March 27, 1936.]

CHAS. F. LOWY, Appellant, v. T. A. REARDON, as Director of the Department of Industrial Relations, et al., Respondents.

Edward J. Cotter and Arch G. McLay for Appellant.

U. S. Webb, Attorney-General, Eugene M. Elson, Deputy Attorney-General, Charles Dreyfus and Leo L. Schaumer for Respondents.

WOOD, J.—Plaintiff seeks by a writ of mandate to compel various state officers to reinstate him as attorney in the division of labor statistics and law enforcement of the department of industrial relations and to compel the issuance of his salary warrant. The lower court sustained a demurrer to his petition without leave to amend and plaintiff appeals from the consequent judgment.

The defendants contend that *mandamus* is not a remedy available to plaintiff, since he is attempting to compel his admission to the use and enjoyment of a public office, and that a *quo warranto* action is the only proper remedy. It is alleged in the complaint that the defendant officials have refused to issue a warrant for plaintiff's salary. In a number of cases it has been held that the issuance of salary warrants may be compelled by *mandamus* proceedings. (*McKannay* v. *Horton,* 151 Cal. 711 [91 Pac. 598] ; *Ward* v. *Marshall,* 96 Cal. 155 [30 Pac. 1113, 31 Am. St. Rep. 198] ; *Sevier* v. *Riley,* 198 Cal. 170 [244 Pac. 323].) Therefore plaintiff's cause of action cannot be defeated on the sole ground that the kind of action selected is not appropriate.

A more serious problem is presented in the contention of defendants that plaintiff was legally discharged from his position and consequently is not entitled to a salary warrant. From the allegations in the complaint it appears that plaintiff was in 1924 regularly appointed attorney in the bureau of labor statistics as it then existed and has continued to discharge his duties as such until December, 1934. Plaintiff received on December 19, 1934, a written notice from the director of the department of industrial relations bearing the date of December 18, 1934, that "the position you now hold as Attorney has been terminated as of December 18, 1934".

Plaintiff contends that the chief of the division of labor statistics and law enforcement was the only official who had authority to discharge him or abolish his position; and that he has automatically acquired civil service status, since he held his position more than six months before December 20, 1934, the effective date of the constitutional amendment under the terms of which those enjoying civil service status cannot be discharged without cause.

The legislature in 1927 amended section 364 of the Political Code by creating a new department which was given jurisdiction over the bureau in which plaintiff had been employed. The section in part provides: "A department of the government of the state of California to be known as the department of industrial relations is hereby created. The department shall be conducted under the control of an executive officer to be known as director of industrial relations, which office is hereby created." At the same time section 364-a was amended to read in part as follows: "For the purpose of administration, the department shall be forthwith organized by the director, subject to the approval of the governor, in such manner as he shall deem necessary properly to segregate and conduct the work of the department. The work of the department is hereby divided into at least five divisions to be known respectively as the division of industrial accidents and safety, the division of housing and sanitation, the division of state employment agencies, the division of labor statistics and law enforcement and the division of industrial welfare. Each division, except as otherwise expressly provided by law, shall be in charge of a chief, who shall be appointed by, and hold office at the pleasure of the governor and shall receive such salary as may be fixed by the governor, not to exceed five thousand dollars per annum." A new section 364-e was added, reading as follows: "The director of industrial relations, as head of the department of industrial relations, shall perform all duties, exercise all powers and jurisdiction, assume and discharge all responsibilities and carry out and effect all purposes now or hereafter vested by law in the department of industrial relations, except as otherwise expressly provided by law." Another new section, 364-h, was added, reading as follows: "Except as in this article otherwise provided, the department of industrial relations is hereby invested with the power and is charged with the duty of ad-

ministering and enforcing all laws now or hereafter imposing any duty, power or function upon any of the offices, officers, deputies or employees herein transferred to the department.''

It is not disputed that the bureau in which plaintiff was an attorney was by the legislation of 1927 merged into the new department of industrial relations. An executive official was given control over the new department and it became his legal duty to organize the department in order to properly conduct the department's work. Under the amendment he was required to ''perform all the duties'' and ''exercise all powers and jurisdiction'' of the department. The department was charged with the duty of administering and enforcing all the laws imposing duties upon the various officers and employees who were by transfer merged into the department. It was evidently the intention of the legislature to give to the director such control over the new department as is customarily exercised by heads of governmental departments. This, of course, includes the power to appoint and discharge those employees not serving for a fixed term and not subject to the civil service amendment. The fact that the governor is given the power of appointment of the division officials does not of itself deprive the director of the department of his control over the activities of the component parts of his department. A department head cannot exercise control over the activities of his department unless he has control of the various employees carrying out the details of the department's work. A ruling that the Governor could appoint the division chiefs and that they in turn had sole power to appoint and discharge the employees, would nullify the plain provisions of the statute which gives control of the department to the director and makes it his duty to perform the functions of the department.

Plaintiff presents the ingenious argument that he came within the provisions of the civil service constitutional amendment on December 20, 1934, for the reason that he did not receive his notice of discharge until December 19, 1934, it having been mailed from another office of the director on December 18th, and since the law disregards fractions of a day, he must be considered as employed in his position up to the instant the new amendment became effective. Whether the discharge became effective on December 18th, the day on which the notice was dated and mailed, or on December 19th, the date on which it was received, the discharge was unques-

tionably effective the instant plaintiff actually received the notice. No contention is made that the notice was not received before the time at which the constitutional amendment became effective.

The judgment is affirmed.

Crail, P. J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1936.