[Civ. No. 10465. First Appellate District, Division Two.—July 9, 1937.]

EDITH B. HALL, Respondent, v. BOARD OF STATE HARBOR COMMISSIONERS OF CALIFORNIA et al., Appellants.

U. S. Webb, Attorney-General, and Lucas E. Kilkenny, Deputy Attorney-General, for Appellants.

Ellis & Steindorff and Richard M. Lyman, Jr., for Respondent.

DOOLING, J., pro tem.—This is an appeal by respondents in the court below from a judgment ordering a writ of

mandate to issue requiring respondents to reinstate petitioner in the position of secretary-stenographer of the Board of State Harbor Commissioners and for the payment of back salary from December 20, 1934.

Prior to December 19, 1934, petitioner had held a noncivil service position as secretary-stenographer with the Board of State Harbor Commissioners for a period of more than six months. On December 19, 1934, petitioner was given notice in writing that her services as secretary-stenographer would terminate at the close of business on December 19, 1934. On December 20, 1934, at the smallest fraction of time after midnight of December 19, 1934, article XXIV of the state Constitution became effective. That article had the effect of blanketing petitioner into civil service in her position if under the facts it was operative upon her.

 It was stipulated that 4:30 P. M. on December 19, 1934, was the close of the business day and "that at four thirty o'clock P. M. on December 19, 1934, the services of petitioner in the position of Secretary-Stenographer to the Board of State Harbor Commissioners of the State of California, and her occupancy of said position were terminated; that from four thirty o'clock P. M. on December 19, 1934, to twelve o'clock, midnight, on said day, petitioner was separated, dismissed and discharged from said position, and did not hold or occupy said position and was not an officer or employee of the State of California".

Under the facts the case is governed by *Lowy v. Reardon,* 12 Cal. App. (2d) 748 [55 Pac. (2d) 1214]. That case held that a person dismissed on December 19, 1934, was not blanketed into the civil service because the dismissal was effective before the constitutional amendment became operative.

Petitioner argues that because she performed all the services required of her by law on December 19, 1934, her case is not governed by the Lowy case. But it remains true that at 4:30 P. M. on December 19, 1934, she was discharged and that she was not a state employee when the constitutional amendment became effective on December 20, 1934.

Judgment reversed.

Spence, Acting P. J., and Sturtevant, J., concurred.