[Civ. No. 14413. First Dist., Div. One. Apr. 11, 1950.]

WILLIAM F. KLOSE, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

Aaronson & Cohn and Melvin E. Cohn for Petitioner.

Carl Wm. Anderson as Amicus Curiae on behalf of Petitioner.

Frank V. Kington for Respondents.

BRAY, J.—One Jorgensen filed a complaint in mandamus in the Superior Court of San Mateo County against the City Council of the City of San Carlos and four of its members, praying that it and they be required to fill, either by appoint-

ment or by the calling of an election, a vacancy on the council which he alleged had occurred because the incumbent Councilman Klose had become a nonresident of that city. Thereafter said Klose filed a petition in this court for a writ of prohibition ordering the superior court to refrain from further proceedings in the mandamus action.

## QUESTIONS PRESENTED

There are three main questions: 1. Is petitioner a proper party to this proceeding? 2. Will prohibition lie? This question, in turn, depends primarily upon the answer to— 3. Will mandamus lie to force a city council to fill an alleged vacancy on the council, the fact of which vacancy is disputed?

## PLEADINGS

The petition in prohibition annexes a copy of the complaint in mandate and then alleges that the complaint admits and petitioner declares that at a general municipal election held in San Carlos on April 13, 1948, petitioner was elected a member of said city council and qualified as such on April 20; that neither the courts of this state nor the council have declared a vacancy to exist upon said council; that on January 31, 1949, the San Carlos City Attorney rendered an opinion that petitioner is a legal resident of that city, and that on October 28, 1949, said city attorney rendered a further opinion to the same effect. Attached to the petition as exhibits are these opinions, the first one stating, "Upon my own investigation and in an interview with Councilman Klose, I find that he is a legal resident of the City of San Carlos." In the second opinion the city attorney stated that he had again interviewed petitioner "and checked the facts as they existed in my previous letter to you and find no change; therefore, my opinion previously given to you on the same subject matter has not changed." The petition further alleges that inasmuch as no vacancy has been declared the mandate action would by necessity try the title to the petitioner's office, that the superior court has no jurisdiction to try title at all and also because petitioner is not a party to the proceeding; that petitioner does not have a plain, speedy and adequate remedy at law, because (1) he is not a party to the proceeding; (2) a writ of mandate ordering the filling of the alleged vacancy would put in doubt for months, pending appeal, his right to sit on the council, would hinder him in his performance of his duties as an elected official, would hinder the city govern-

ment in the performance of its functions; and (3) would precipitate confusion in the government of the city of which he is a citizen and taxpayer; and that an alternative writ was issued on said complaint. The mandate complaint, in addition to the matters referred to in the petition, sets forth that plaintiff Jorgensen is an elector and taxpayer of the city; that Klose at the time of his election and qualifying as a councilman was an inhabitant of San Carlos residing at a stated address therein; that about July 4, 1948, Klose ceased to be an inhabitant and removed the place of residence of himself and family from that address to a designated address outside said city; that on November 21, 1949, plaintiff made written demand upon the council and its members that the vacancy caused by Klose ceasing to be an inhabitant, be filled either by appointment or election; that it and they have failed and refused so to do.

### 1. *Is Petitioner a Proper Party?*

■ Section 1103, Code of Civil Procedure, provides that the writ of prohibition "is issued upon the verified petition of the person beneficially interested." Respondents contend that petitioner is not such a person. While the petition leaves much to be desired in definite statement of petitioner's present residence in San Carlos, still, taking the allegations of the petition and complaint in mandate together, it is alleged that petitioner was duly elected and qualified as a member of the city council in 1948, at which time he was admittedly a resident; that the council after an investigation by and the advice of the city attorney, refused to recognize plaintiff's claim that petitioner is a nonresident, and that petitioner is a citizen and taxpayer of San Carlos, and "is a part" of the city government. As the questions involved in this case are matters of great importance to the citizens of San Carlos, we do not feel that the case should be decided on technical questions of niceties of pleading. Broadly interpreting the allegations in the petition and complaint, particularly in view of petitioner's offer to amend his petition and allege in positive terms that he still is and claims to be a resident, elector and councilman of San Carlos, it appears that petitioner is beneficially interested in this proceeding (1) as an elector and taxpayer of San Carlos, and (2) as a person claiming title to the office in controversy.

### 3. *Is Mandamus the Proper Remedy?*

■ Respondents' main contention that mandamus is a

proper remedy is based upon their claim that their complaint shows that Klose is no longer a resident of San Carlos; that automatically a vacancy exists; that the mandamus proceeding does not try the title to the office, but merely is concerned with the filling of it. Respondents admit that if the question of title to office is the main issue, then the proper remedy is quo warranto, but contend that here title to office is a mere incident to the filling of the office. This is putting the cart before the horse, for until some authority decides the dispute as to whether a vacancy exists, there is nothing to fill. Respondents argue that because plaintiff in mandate alleged that petitioner moved his residence out of the city, there .was an automatic vacancy created which required no determination of that fact. There can be no question, and all parties concede, that where an elected official of a city of the sixth class removes his residence from the city, his office becomes vacant. (Gov. Code, § 1770 [formerly Pol. Code, § 996].)

Respondents rely on *People* v. *Brite,* 55 Cal. 79. There the county judge, upon the theory that one Tracy who had theretofore qualified as supervisor had removed from the district, appointed one Brite supervisor in his place. In a quo warranto proceeding brought on the relation of Tracy, the lower court found for Brite apparently on the theory that there had been no proceedings to declare the office vacant. The Supreme Court said that the question to be considered was "whether proceedings must first be had to declare a vacancy, or whether an appointment can be made if the fact of vacancy exists." It then went on to say that when the relator ceased to be an inhabitant of the district, he ceased to be supervisor and a vacancy occurred. It then used this significant language: "The issue of vacancy or not can be, and is to be, determined in this case. The relator has his day in Court in this action upon that issue, and we see no necessity of a previous adjudication. The Legislature was competent so to enact, and, as we have stated, has so enacted." (P. 80.) The court then remanded the case to the trial court to determine the question of whether or not the relator had removed from the district, thereby creating a vacancy. This case holds that where the appointing power considers a vacancy to exist, it may appoint a successor, without proceedings to declare the vacancy to exist, and that when it does so appoint the official succeeded may by quo warranto question whether there was any vacancy. In our case the appointing power did not

appoint a successor. Moreover, there was no request that the trial court determine whether a vacancy existed. Nor is *Harby* v. *City of Los Angeles,* 64 Cal.App.2d 911 [149 P.2d 390], applicable here. There the petitioner, after conviction of a crime, had been removed from his office as a city councilman by court action under Penal Code, sections 758-772. He sought a writ of mandate to compel payment of salary on the ground that his removal was illegal as the Los Angeles City Charter provided the exclusive method of removal. In denying the application on the ground that the charter provision was not exclusive, the court said that upon conviction of an offense involving a violation of his official duties, an incumbent's office becomes vacant, *ipso facto*. Other cases cited by respondents, such as *People* v. *Fleming,* 100 Cal. 537 [35 P. 163, 38 Am.St.Rep. 310], are to the same effect, namely, that removal from the political subdivision causes an *ipso facto* vacancy, and where the appointing power fills the vacancy the incumbent "is not thereby concluded as to the fact of the occurrence of such event. He may still question and contest the allegation of that fact, either before or after the installation of the appointee, before such installation, if he refuse to vacate the office, in an action by the people to oust him; or, after such installation, in an action by the people on his relation to oust the appointee. Thus he may always have his day in court before it can be conclusively adjudged against him that the office was vacant at the time the appointment was made." (P. 541.) But these are all cases in which the appointing power, by making an appointment, has, in effect, determined that the facts exist which cause a vacancy. None of these are cases in which the court has compelled the appointing power to appoint, where that power had neither made an appointment nor determined a vacancy to exist.

The question of whether mandamus rather than quo warranto is the proper remedy where there is a dispute over whether a vacancy in office exists, is rather muddled in California. The courts have almost uniformly stated that mandamus cannot be used to try title to office, and then in a number of instances, have, in effect, tried title on the theory that title was only incidentally involved.

The cases which have refused in similar or somewhat similar situations to that in our case, to apply mandamus, follow. The latest is *Drescher* v. *Board of Supervisors of Butte County,* 191 Cal. 234 [215 P. 902]. That was an application for a writ of mandamus to compel the board to appoint a member upon

the ground that there was a vacancy. "The application shows that the position is now being occupied by one C. F. Cox, who is performing the duties of the office with the acquiescence of his associates and under claim of right." (This is the identical situation as to Klose and his associates.) "Under the circumstances a writ of *mandamus* should not be issued because, in effect, it would require us to try the title to the office. The writ should not be granted until it has been established by judicial process that there is a vacancy to be filled." (P. 235.) In *Meeker* v. *Reed*, 70 Cal.App. 119 [232 P. 760], an elector of the city of Santa Rosa sought a writ of mandamus to compel the city clerk to call a special election to fill three alleged vacancies on the city council. The court said that the question to be determined was "whether there was or is a vacancy of a majority of the seats of the city councilmen of the city of Santa Rosa, a question to be determined before the said clerk could act, and a judicial question which must be determined before a writ of mandate can be issued from this court directing the respondent to call a special election in said city for the purposes mentioned. Overton's title to the office of said councilman of said city must be determined before it can be said that a vacancy existed or exists such as authorizes the calling of a special election under the charter section referred to." (P. 125.) The court then held that mandamus to appoint would not lie until Overton's title to office had been judicially determined. Of all the cases in California, the Drescher and Meeker cases, *supra,* are the only ones where, as in the case at bar, an official was acting and the appointing power declined to recognize that a vacancy existed.

A review of the other cases in this state upon the subject, and an analysis of the fact situations involved, reveals the following pattern:

██ 1. Where the office is occupied by a de facto incumbent, mandate will not lie at the request of an outsider seeking some incident of the office or outright admission to the office. (*People* v. *Olds,* 3 Cal. 167 [58 Am.Dec. 398] [mandate for records of office] ; *People* v. *Scannell,* 7 Cal. 432 [mandate for records of office] ; *Meredith* v. *Board of Supervisors,* 50 Cal. 433 [mandate for pay] ; *Kelly* v. *Edwards,* 69 Cal. 460 [11 P. 1] [mandate for admission to office] ; *Black* v. *Board of Police Commrs.,* 17 Cal.App. 310 [119 P. 674] [mandate for pay] ; *Humburg* v. *Board of Police and Fire Commrs.,* 27 Cal.App. 6 [148 P. 802] [mandate for pay].)

In holding that mandate is an improper remedy the courts often point out that the incumbent is not a party to the proceedings. "Especially is this true in view of the fact that the actual occupant of the office, whose rights will be vitally affected by the determination of the other questions discussed, is not before the court." (*Black* v. *Board of Police Commrs.*, *supra*, p. 317.)

The above California cases are consistent with the general rule elsewhere. (See 84 A.L.R. 1126.)

An apparently exceptional case is *Davenport* v. *City of Los Angeles*, 146 Cal. 508 [80 P. 684], in which mandate was issued ordering the payment of salary to petitioner as city councilman, on the ground that his supposed recall was invalid. The court settled the question of legal title on the merits, notwithstanding the existence of a de facto councilman occupying the office, who was not a party to the proceedings. The form of the action and the question of trying title to office in a mandate proceeding were not discussed.

█ 2. Where a de facto officer brings mandate for some incident of office, the writ lies, the court adopting one of two alternate theories: (a) Legal title is an incidental issue and can be passed on by the court. (*Bannerman* v. *Boyle*, 160 Cal. 197, 203 [116 P. 732] [mandate for pay].) (b) The petitioner is entitled to the incidents of office based on his de facto occupancy. Legal title is not in issue, and *lack* of legal title cannot be raised by the *defendant*. (*Turner* v. *Melony*, 13 Cal. 621 [mandate for pay] ; *Elliott* v. *Van Delinder*, 77 Cal. App. 716 [247 P. 533] [mandate for pay].) This theory was applied in *Petersen* v. *Morse*, 48 Cal.App. 428 [192 P. 51], which involved the general right to occupy an office, rather than some particular incident of office. The dissenting opinion of Mr. Justice Nourse points out the inapplicability of the doctrine in such a case. (48 Cal.App. at p. 437.) (c) In *Welch* v. *Ware*, 161 Cal. 641 [119 P. 1080], the court granted mandate ordering salary paid to petitioner, after deciding on the merits that he held legal title to the office, an attempted ouster being invalid. The question of trying legal title by mandate was not mentioned. In *Norton* v. *Lewis*, 34 Cal.App. 621 [168 P. 388], the court on an application for mandamus for pay against the county auditor by a member of the board of supervisors, passed upon the question of whether such member was a holdover or had qualified for a new term. No question was raised as to the form of the proceeding.

■ 3. Where two persons are both purporting to hold the office, the court is put to its severest test. The solution worked out is as follows: Mandate lies, to determine which is the de facto officer. Legal title is not adjudicated. However, the court examines the question of legal title, and the person who has the best claim to legal title is held to be the de facto officer. For all practical purposes, this undoubtedly amounts to a decision as to legal title, arrived at on a proceeding for mandate. (*Morton* v. *Broderick*, 118 Cal. 474 [50 P. 644] [mandate for pay, rival boards of supervisors]; *McKannay* v. *Horton*, 151 Cal. 711 [91 P. 598, 121 Am.St.Rep. 146, 13 L.R.A.N.S. 661] [mandate for pay; secretaries of rival mayors. of San Francisco, one "mayor" carrying on from the county jail].) After pointing out that the determination of which of the two was the legal mayor was merely incidental to the question of which secretary was entitled to salary, the court said: "There cannot be two *de facto* incumbents of one office at the same time, and where two are acting simultaneously, each under claim of right, that one alone will be recognized who appears to have the better legal title. (*Morton* v. *Broderick*, 118 Cal. 485, 486 [50 P. 644].) For the purpose therefore of determining who is mayor *de facto* of San Francisco we must inquire who appears to be mayor *de jure*." (P. 717.) The court said further that with reference to the question of who was the Mayor of San Francisco the secretary of the ousted mayor "makes the preliminary objection that in this proceeding by *mandamus* we cannot try the title either of the secretary or mayor. We are not cited to any authority for the proposition that the title to an office cannot be tried—that is, inquired into—when it is incidentally involved in a proceeding which a third party has a right to institute. The doctrine which Mr. Boyle means to invoke is more correctly stated in these terms: Title to an office cannot be determined in *mandamus* where there is another specific remedy prescribed, or where there is another plain, speedy, and adequate remedy at law." (P. 715.) It pointed out that the rule that mandamus would not lie to try title to office as set forth in *People* v. *Olds, supra* (3 Cal. 167), and *Morton* v. *Broderick, supra* (118 Cal. 474), did not apply where the determination of the title to the office was merely incidental to the main issue.

Section 36812 of the Government Code (Stats. 1949, p. 149), dealing with legislative bodies of sixth class cities, provides as follows: "After incorporation, the city council is judge

of the qualifications of its members and of election returns. It shall determine contested elections of city officers.'' While similar provisions have been held not to be exclusive of the court's right to try election contests relating to cities of the sixth class (*McGregor* v. *Board of Trustees,* 159 Cal. 441 [114 P. 566]; *Dawson* v. *Superior Court,* 13 Cal.App. 582 [110 P. 479]), section 36812 should be borne in mind here where the council in denying plaintiff's request to make an appointment in effect found that no vacancy existed. Therefore, if mandamus were permitted, it would definitely be trying title to an office as to which the council had determined its incumbent to be qualified to fill.

In *Nielsen* v. *Gregory,* 60 Cal.App. 574 [213 P. 510] (mandate for approval of bond) the court said that the question was moot and the writ would be denied. It added, however, that the existence of two contesting claimants would not have prevented the court from determining the case, since petitioner would only have to make a prima facie showing of legal title, and the court would not actually be adjudicating legal title. (P. 577.) In *McKelley* v. *Turner,* 96 Cal.App. 292 [273 P. 1101], there were two claimants. The court granted mandate ordering payment to petitioner on the ground that he had legal title to the office, an alleged resignation being ineffective. The question of trying title to office by mandate was not discussed. *Adams* v. *Doyle,* 139 Cal. 678 [73 P. 582], likewise was a mandamus proceeding to collect pay. No question was raised as to the form of the proceeding and the court determined the right to the office of sheriff as between petitioner and another. In *Robinson* v. *Moran,* 3 Cal.2d 636 [45 P.2d 206], the court conceded that title could be passed on incidentally in a proceeding for mandate, but said that the case before it contained fact issues which could be handled better in the superior court. The petition was dismissed without prejudice to a similar proceeding in the lower court.

In *Brennan* v. *Riley,* 3 Cal.2d 736 [46 P.2d 972] (mandate for pay), the court said: ''Inasmuch as both claimants to the office of chairman of the veterans' welfare board have brought action against the controller, neither of them raise any question concerning the right of the court to determine title to the office in a proceeding of this character. It is well, however, to bear in mind the rule announced, together with its limitation, in *McKannay* v. *Horton,* 151 Cal. 711 [91 P. 598, 121 Am.St. Rep. 146, 13 L.R.A.N.S. 661]. In other words, as there, we may inquire into the question of who is the occupant of the

office for the purpose of determining to whom the salary is payable.'' (P. 739.)

4. In various other situations the courts discourage attacks on de facto officers but otherwise allow the use of mandate by persons claiming public offices.

In *Satterlee* v. *San Francisco*, 23 Cal. 314, a party to a contract with the city contended that the contract was invalid because one of the councilmen who voted for it was ineligible to hold office. The court refused to consider this point, on the ground that the eligibility of a de facto officer cannot be attacked collaterally.                                        ·

In *Hamilton* v. *Mallard*, 33 Cal.App. 470 [165 P. 725], the job held by Mallard had been abolished and the duties taken over by a different officer. In an attempt to test the validity of that action, petitioner sought mandate ordering Mallard to carry out his former duties. The court refused to go into the matter, stating: ''If the proceedings for the transfer of the functions of the office are, as claimed, invalid, such question should be litigated in a direct proceeding, final as to parties directly interested, and not in a suit at the instance of a third party who, as it appears to us, has no beneficial interest in the matter.'' (P. 473.)

In *Lowy* v. *Reardon*, 12 Cal.App.2d 748 [55 P.2d 1214], petitioner sought mandate ordering payment of his salary, on the theory that an attempted abolition of the office was invalid. There was of course no de facto occupant. Although denying the writ on the merits, the court held that mandate for pay was a proper remedy. ''The defendants contend that *mandamus* is not a remedy available to plaintiff, since he is attempting to compel his admission to the use and enjoyment of a public office, and that a *quo warranto* action is the only proper remedy. It is alleged in the complaint that the defendant officials have refused to issue a warrant for plaintiff's salary. In a number of cases it has been held that the issuance of salary warrants may be compelled by *mandamus* proceedings. [Citing cases.] Therefore plaintiff's cause of action cannot be defeated on the sole ground that the kind of action selected is not appropriate.'' (P. 749.)

In *Bannerman* v. *Boyle, supra* (160 Cal. 197), a member of the San Francisco Board of Education was granted a peremptory writ of mandate to compel the auditor to pay his salary. The defense was that petitioner was a usurper, although a de facto member of the board. The court determined the legal-

ity of his title and said (p. 203) : ''There is some discussion in the briefs upon the proposition that the question of title cannot be raised in a suit for *mandamus*, referring to the well-known rule that *mandamus* will not lie to try the title to an office. This rule has no application. Rival claimants, it is true, cannot thus try their title. But this is not an action between rival claimants. It is an action by one asserting that he is the *de jure* officer to compel another public officer, not the claimant, to perform a duty pertaining to his office, that is, to audit and approve the plaintiff's demand for the salary. It, is clearly within the terms of the statute authorizing *mandamus*.''

■ 5. As shown in the Drescher and Meeker cases, *supra*, where petitioner as taxpayer alleges that an office is vacant, notwithstanding a de facto occupant, and asks that the proper authority be forced to fill the alleged vacancy, the courts have usually held mandate an improper remedy.

Respondents cite *Independence League* v. *Taylor*, 154 Cal. 179 [97 P. 303], as authority that mandamus will lie here to compel the council to appoint. However, the facts of that case are entirely dissimilar to those in our case. There the court issued a writ of mandate to compel the San Francisco Mayor to appoint two members of the Independence League as members of the board of election commissioners, although the mayor had already appointed the members of such board. However, the court pointed out that under the law the mayor was required to appoint two members of the league, which he had not done. It was not a matter of trying title to the office of the two non-league members whom he had appointed, but rather an inquiry as to whether he had obeyed the plain requirement of the law that he appoint two league members.

In *Platnauer* v. *Board of Supervisors*, 65 Cal.App. 666 [225 P. 12], cited by respondents, petitioner, an attorney at law, was granted a peremptory writ of mandate requiring the county board of supervisors to appoint a city justice of the peace of Sacramento. One of the county judicial townships was identical with the boundaries of the city of Sacramento. A justice of the peace had been duly elected to that office. The board had refused to appoint a city justice of the peace on the theory the city justice of the peace and the township justice of the peace were one office. The court held that they were separate entities and therefore it was the duty of the board to appoint someone to the city office. Title to the office was not tried; merely the legal question of whether or not

such office existed. While the case uses the language (p. 669), "The writ may issue to compel an officer to fill a vacancy," it was not referring to a situation where the alleged vacancy was actually filled.

Respondents have cited many cases to the effect that where the fact of vacancy is not in dispute mandamus is the proper remedy to compel a municipal board to fill it. Those cases are not in point here because the fact is very definitely in dispute.

In reconciling the rulings the following appears: (1) that it is the general rule that mandamus cannot be used for this purpose unless the fact of vacancy is not disputed; (2) that where the circumstances justify a departure from the rule, the courts have done so, usually only where there are conflicting claimants to the office; and (3) where there are no conflicting claimants and the appointing power has refused to determine the existence of the vacancy, and there is an incumbent claiming the office, mandamus must be denied.

In *McKannay* v. *Horton*, 151 Cal. 711, 716 [91 P. 598, 121 Am.St.Rep. 146, 13 L.R.A.N.S. 661], in considering the rule, the court said: ". . . that the rule in such cases as the present is, as above stated, merely a rule of procedure—the rule, that is to say, of our statute, that the writ of *mandamus* will issue only in cases where there is not another plain, speedy, and adequate, or specially prescribed statutory, remedy. (Code Civ. Proc., 1086.) The rule is not jurisdictional, and its application to a particular case involves only the exercise of sound legal discretion." It must be noted that it is referring to the rule "in such cases as the present," namely, where title to office as between two claimants is only incidentally involved.

Quo warranto gives a plain, speedy and adequate remedy. Respondents contend that quo warranto is not such a remedy. That it is, is shown by the fact that in quo warranto, the one claiming the title has a direct right to be heard. In this case, if mandamus were allowed, and if the trial court should order the council to fill the alleged vacancy, an anomaly would result, as Klose would not be bound by the decision. If the council, under mandamus, should appoint another councilman, an action in quo warranto or a mandamus action for payment of salary would have to be brought to determine which was legally entitled to the office. Quo warranto could finally determine the title to the office in one proceeding. Mandamus, if allowed, would necessitate two proceedings.

### 2. *Prohibition Will Lie.*

The trial court issued an alternative writ of mandate. It should have refused to do so, for the reasons above set forth. It assumed the power to proceed. It did not have such power. It is therefore necessary that any further proceedings in the mandate action should be stayed.

Let a peremptory writ of prohibition issue as prayed, restraining the respondent court from proceeding further with the mandate action.

Peters, P. J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied May 10, 1950.