[Civ. No. 9243.   Third Dist.   May 1, 1957.]

BOARD OF SUPERVISORS OF THE COUNTY OF NEVADA et al., Petitioners, v. SUPERIOR COURT OF NEVADA COUNTY et al., Respondents; ROBERT WALLACE, JR., Real Party in Interest.

Vernon Stoll, District Attorney, and William J. Cassettari, Chief Deputy District Attorney, for Petitioners.

No appearance for Respondents.

Albert L. Johnson for Real Party in Interest.

PEEK, J.—The present controversy stems from action taken by the board of supervisors of Nevada County by which an election was held and candidates elected and certified to the county board of education of said county pursuant to the recommendations of the county committee on school district organization. (Ed. Code, §§ 301-305.) Thereafter one Robert Wallace, Jr., filed in the superior court of said county his petition for a writ of mandate, Number 11331, wherein he sought (1) an order commanding the board of supervisors to "rectify" the election by which members of the board of education were selected; (2) review of the proceedings calling for the election; and (3) an order prohibiting the persons elected from acting in the official capacity of board members. Neither the board of education as such nor its individual members were named as parties in said proceeding. The demurrer of the board of supervisors upon the ground that the petition failed to state sufficient facts to constitute a cause of action was overruled. The board of supervisors thereupon answered, denying generally all of the allegations of the petition, and shortly thereafter filed in this court the present petition for prohibition. It is alleged therein that mandamus, review and prohibition are not proper proceedings to contest an election or try title to the right to hold public office, and that Wallace has a plain, speedy and adequate remedy at law in quo warranto.

We assume that when Wallace prayed for a writ of mandamus against the board of supervisors commanding them to "rectify the invalid election" whereby the members of the county board of education were elected, he meant that the office to which the persons were so elected should be declared to be vacant and a new election held. Our courts, in accordance with the general rule, have consistently held that title to public office cannot be tried in a mandamus proceeding. It is only when title is incidentally involved that mandamus will lie. (*Klose* v. *Superior Court,* 96 Cal.App.2d 913 [217 P.2d 97].) The uncontradicted facts show that the board of supervisors took action calling for an election of members of the county board of education pursuant to the recommendations of the county committee on school district organization; that an election was held at which certain persons were elected and are presently acting in that capacity. Even assuming, but not deciding, that the board of supervisors failed to follow

statutory requirements as alleged by Wallace, and hence that the board of education was not properly organized, that is not to say that no de facto existence of the board was shown.

■ Under such circumstances, "the law is well settled that the validity of the organization of . . . [the board of education] cannot be questioned by private individuals, but only in a proceeding in *quo warranto* at the suit of the state." (*Keech* v. *Joplin,* 157 Cal. 1, 14 [106 P. 222].)

■ The request of Wallace for a "review of the proceedings calling for the said election" is equally without merit. By the provisions of section 1068 of the Code of Civil Procedure, certiorari is available only to review the proceedings of an inferior judicial tribunal or board exercising judicial functions upon the grounds that it has exceeded its jurisdiction and there is no appeal or any plain, speedy and adequate remedy. It has long been the rule that a board of supervisors in creating a reclamation district was acting in a legislative, not a judicial, capacity and hence certiorari would not lie to review such proceedings. (*Williams* v. *Board of Supervisors,* 65 Cal. 160 [3 P. 667].) We find no basis for a different conclusion as regards the formation by a board of supervisors of a county board of education.

What has heretofore been said is equally applicable to the final request by Wallace for an order prohibiting the board of education from performing any official act. Furthermore, it again should be noted that the persons sought to be restrained were never parties to that proceeding.

Let the writ issue.

Van Dyke, P. J., and Schottky, J., concurred.