BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
ANDREW WOLFF has requested this office to grant leave to sue in quo warranto upon the following question:
Is Ahmad Mansur unlawfully holding the office of tenant representative on the Oakland Housing Residential Rent and Relocation Board as a result of the removal of Andrew Wolff from such office?
 CONCLUSION
Whether Ahmad Mansur is unlawfully holding the office of tenant representative on the Oakland Housing Residential Rent and Relocation Board as a result of the removal of Andrew Wolff from such office does not warrant the initiation of an action in quo warranto.
 ANALYSIS
The City of Oakland ("City") has established a Housing Residential Rent and Relocation Board ("Board"), comprised of seven members, to hear appeals as to whether a particular rent increase is consistent with the City's regulations. Section 8.22.050E of the City's Municipal Code requires that "Of the Board members appointed, two shall be landlords, two shall be tenants, and three shall be neutrals (neither landlords [nor] tenants)."
On October 20, 1998, Andrew Wolff ("Wolff") was appointed as one of the two tenant representatives on the Board. On February 2, 2001, Wolff purchased a residence at 758 Kingston Avenue in the City, resulting in a change in his status from tenant to homeowner. On July 24, 2001, the City's mayor sent a letter to Wolff, stating in part that "[i]n view of your new status as a homeowner, your tenant's position on the Board is vacated effective as of the date of this letter."
On August 7, 2001, Ahmad Mansur ("Mansur") was appointed to complete Wolff's term of office ending October 20, 2001. On November 7, 2001, Mansur was reappointed to a new term of office as a tenant representative on the Board.
There is a no dispute as to the material facts. Wolff was a tenant when appointed to the Board as a tenant representative. During his term of office, he became a homeowner. As of February 2, 2001, he was no longer a tenant. Moreover, his term of office expired on October 20, 2001. Mansur was a tenant at the time of his appointment to complete Wolff's term, and he currently is a tenant and now holds a new term as a tenant representative on the Board.
Section 803 of the Code of Civil Procedure authorizes the filing of a quo warranto action "against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . ." We entertain little doubt that a Board member holds a public office. (See People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636, 639-640.) In deciding whether to grant leave to bring a quo warranto action, we consider initially whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action would serve the public interest. (83 Ops.Cal.Atty.Gen. 263 (2000); 83 Ops.Cal.Atty.Gen. 181 (2000); 83 Ops.Cal.Atty.Gen. 70 (2000).)
Here, Wolff is not only challenging the right of Mansur to hold office, but also asserts his own entitlement to the office, claiming that he was unlawfully removed; thus he presents a "right distinct in kind from the right of the general public enforceable by an action in the nature of quo warranto." (International Assn. of Fire Fighters v. City of Oakland (1985) 174 Cal.App.3d 687, 697.) In these circumstances, leave to sue will ordinarily be granted where the supporting documents and evidence "are in proper legal form and prima facie sufficient." (Id. at p. 698.)
However, in the matter here considered, Wolff's term expired on October 20, 2001. An action in quo warranto to assert the claim of the relator to, or the usurpation by the de facto officer of, an office will not lie where the claim is not continuing. (See 82 Ops.Cal.Atty.Gen. 6, 11 (1999); 75 Ops.Cal.Atty.Gen. 10, 14 (1992).) Further, the instant action, as a claim for damages or the emoluments of office, can no longer be filed during the term in which the relator asserts a wrongful deprivation. (See People v. Rodgers (1897) 118 Cal. 393, 397.)[1]
Such a claim may be brought in an action other than quo warranto, where the issue of entitlement to office is only incidentally involved. (Klose v. Superior Court (1950) 96 Cal.App.2d 913, 918, 921; see The People v. Olds (1853) 3 Cal. 167, 177 [mandamus will lie where quo warranto not available].) Hence, we are compelled to deny the application for leave to sue in quo warranto, where the term of the office has already expired. The proposed action would not serve the public interest.
We conclude that whether Mansur is unlawfully holding the office of tenant representative on the Board as a result of the removal of Wolff from such office does not warrant the initiation of an action in quo warranto.
 * * * * *
[1] An action for recovery of damages under section 807
of the presupposes a favorable judgment in quo warranto, which is not possible here.