[No. 4185.]

JAMES S. MEREDITH v. THE BOARD OF SUPERVISORS OF THE COUNTY OF SACRAMENTO.

TITLE TO AN OFFICE.—If an office is filled, de facto, a writ of mandate does not lie for the purpose of trying the title to it.

FEES OF AN OFFICE.—The court cannot determine the right to the fees and emoluments of an office, until the right to the office is determined.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The plaintiff was, on the 6th day of September, 1871, elected a member of the Board of Supervisors of the County

of Sacramento, and entered on the discharge of his duties, and was, on the 2d day of October, 1871, elected chairman of the board. By the law, as it then stood, the term ·of a supervisor was four years, and the chairman of the board held office for four years, and the board consisted of three members. By the Political Code, which went into effect January 1, 1873, the members of the board were seven. The newly-elected members took their seats October 2, 1873, and a motion was made to elect a chairman. Meredith refused to put the motion, holding that the office of chairman was already filled until October, 1875. The board, however, proceeded to elect S. B. Moore its chairman, and he took his seat as such, and excluded Meredith from the chairmanship. The compensation which the law allowed the chairman was twenty-five dollars per month. The board afterwards refused to allow Meredith a salary as chairman. He brought this action on the 15th of November, 1873, to compel the board, by writ of mandate, to permit him to fill the office of chairman, and to compel the board to allow him the salary as chairman. An alternative writ was issued. The court held on the trial that "the office of chairman of the board being filled *de facto* by S. B. Moore at the time this action was commenced, this court cannot in this form of action try or determine the right or title to the office, and the writ of mandate to reinstate the plaintiff Meredith must be and is denied." The court also held that "the office of chairman of the Board of Supervisors being full, this court cannot determine the right to the fees and emoluments thereof till the right to the office is determined, and the writ of mandate was also denied as to that demand."

The plaintiff appealed.

*John C. Burch,* for the Appellant.

Had we commenced against Moore for usurpation of office and succeeded, we could not, under that judgment, have obtained that which we sought as against the board—recognition and admission to the office—except by proceeding thereafter by writ of mandate. The remedy then by statute for usurpation of office, if indeed proper, is inadequate

and incomplete. Nor is it a plain and speedy remedy, for it involves further proceedings against the board. Whenever such an inadequate and incomplete remedy is given by statute, mandamus is the proper remedy, and may be resorted to.

There can be no question that the board should have passed upon the claim of Meredith for services when presented, and that mandamus will lie to compel the board to act thereon. The act of March 30, 1872, provides a compensation for the chairman, of not exceeding twenty-five dollars per month. Mandamus will lie to compel action, but not to force discretion. (*People* v. *Sexton*, 24 Cal. 78; *Tilden* v. *Board of Supervisors of Sacramento Co.*, 41 Cal. 68.)

*McKune & Welty*, for the Respondent.

The position of chairman of the Board of Supervisors is now filled by J. B. Moore, and mandate is not the proper remedy to try the title to an office. (*People* v. *Olds*, 3 Cal. 170; *Satterlee* v. *San Francisco*, 23 Cal. 320; *Fish* v. *Weathermore*, 2 Johns. Cas. 217, and cases cited in notes to this latter case; *In re Turner* v. *Meloney*, 13 Cal. 621; *Dorsey* v. *Smith*, 28 Cal. 21.) There is a plain, speedy and adequate remedy provided in the Code of Civil Procedure. (Secs. 802–809; 14 Cal. 43.)

By the COURT:

For the reason given by the judge of the court below in denying the motion for a new trial, the judgment and order denying a new trial are affirmed.