[Civ. No. 787. First Appellate District.—October 26, 1911.]

## J. N. BLACK, Respondent, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF SAN JOSE et al., Appellants.

PUBLIC OFFICERS—MANDAMUS FOR SALARY—RULE AS TO POSSESSION—TITLE TO OFFICE NOT TO BE TRIED ON WRIT.—Although where a public officer is both *de jure* and *de facto* in possession of the office, *mandamus* will lie to compel payment of his salary, if it is refused,

yet, where the petitioner for the writ is out of possession, and has performed no part of the duties of the office during the time for which he claims his salary, but another is in possession, under a claim of right, and has collected the salary claimed, *mandamus* will not lie to try the right of the petitioner to the office, or to compel any salary in his favor, until his title is finally adjudicated as against the claimant in possession, in a proceeding to which the latter is a party.

ID.—SALARY OF SUSPENDED CAPTAIN OF POLICE—APPOINTMENT OF ANOTHER BY POLICE COMMISSIONERS—MANDAMUS—QUO WARRANTO.— Where a captain of police was suspended by the board of police and fire commissioners of the city, under charge of violating the provisions of the city charter, and another captain of police was appointed in his stead, who is in possession and discharging the duties of the office and receiving the salary attached thereto, *mandamus* will not lie to compel payment of the salary of the suspended police officer, until he has established his right thereto in a *quo warranto* proceeding against such second appointee.

ID.—ERRONEOUS JUDGMENT IN MANDAMUS—PLEA OF POSSESSION BY ANOTHER APPOINTEE—OMISSION TO FIND.—A judgment in *mandamus* in favor of the petitioner is erroneous and reversible where there is an omission to find upon the plea of the defendants that their appointee, instead of plaintiff, has ever since the date of his appointment been in possession of the office and has discharged its duties, and that plaintiff surrendered possession thereof when he was removed therefrom.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   John E. Richards, Judge.

The facts are stated in the opinion of the court.

H. L. Partridge, and W. H. Johnson, for Appellants.

J. C. Black, A. P. Black, and George Clark, for Respondent.

HALL, J.—This court on the thirteenth day of May last rendered a decision in this case, but afterward granted a rehearing, principally that the court might give the matter further consideration in the light of what was said in the case of *Bannerman* v. *Boyle,* decided by the supreme court, June 8th last.   (160 Cal. 197, [116 Pac. 732].)

Upon further consideration we adhere to the views expressed in the opinion filed May 13th last, and readopt the same as the views of this court.

Unlike the case at bar, in *Bannerman* v. *Boyle,* 160 Cal. 197, [116 Pac. 732], the petitioner for the writ of mandate was in exclusive possession of the office as a *de facto* officer, and performed all the duties of the office during the time for which he claimed his salary. At the very outset of the opinion it is stated that this was conceded. The supreme court also determined that he was the *de jure* officer as well. Being both the *de facto* and the *de jure* officer, there is no doubt but that he could compel, by writ of mandate, the fiscal officer of the city to audit his salary demand.

But in the case at bar petitioner was not in possession of the office, and performed no duties thereof during the time for which he claimed his salary, but another person was in possession of the office, under claim and color of right, and had performed, and was still performing, all the duties thereof under such claim and color of right, and had claimed and been paid the salary therefor.

Under such circumstances the authorities cited in our former opinion expressly and pointedly hold that one out of possession of the office and performing no duties thereof cannot enforce the payment of his salary until he has had his right to the office adjudicated in an appropriate action to which the person in possession must be a party. (See, to the same effect, Dillon on Municipal Corporations, sec. 831.)

The judgment and order are therefore reversed.

Lennon, P. J., and Kerrigan, J., concurred.

The following is the opinion rendered by the court on May 13, 1911, and which is here readopted as the opinion of the court:

HALL, J.—Plaintiff brought a proceeding against the board of police and fire commissioners of the city of San Jose for a writ of mandate to compel said board to audit and allow his claim, in the sum of $724.50, as captain of police of said city, from the twenty-third day of July, 1908, to the 1st of February, 1909. The trial court gave judgment for plaintiff against said board as prayed for, and denied the motion of said board for a new trial. The board in due time appealed both from the judgment and the order.

Plaintiff was appointed a member of the police force of said city in the year 1904, and in December, 1906, he was appointed a captain of police of said city.

On July 2, 1908, certain charges of violating certain provisions of the charter of said city, made by the chief of police of said city, against plaintiff were filed with the said board (appellant). The board thereupon, on said day, made an order suspending plaintiff from his position, and appointed one Elton R. Bailey thereto, who at once entered into the occupation of the office, and has ever since occupied said office and discharged the duties thereof, and claimed and been paid by the city of San Jose the salary thereof, as successor of plaintiff, who at no time since said twenty-second day of July, 1908, has rendered any service to the city of San Jose, or discharged any duty of said office, though he has each month made a demand for the salary attached to said office.

On the twenty-sixth day of August, 1908, the board made another order, reorganizing the police force of said city, and reducing the number thereof from twenty-five to nineteen. This order named and designated all the members of said police force, and did not contain the name of plaintiff, but did contain the name of Elton R. Bailey, as captain of police, in his place. Ever since said date, as well as since the twenty-second day of July, 1908, said Elton R. Bailey has occupied and discharged the duties of the office formerly held and still claimed by plaintiff, and has claimed and been paid the salary thereof, while plaintiff, as before stated, has discharged no duty thereof, but upon his suspension turned over to the proper authorities all property in his possession as said captain of police.

Bailey is not a party to this proceeding.

Appellants, as a defense to this proceeding in *mandamus,* pleaded the facts as to the occupancy by Bailey under claim of right of the office for which plaintiff seeks in this proceeding to compel payment to him of the salary attached thereto.

Although the evidence clearly and without dispute proved the facts thus pleaded, the court made no finding thereon, and this was and is assigned as an error requiring a new trial.

The contention of appellant in this regard is that *mandamus* will not lie to compel the payment to a plaintiff of the salary attached to an office in the actual occupation and possession of another person, under color of right, until by appropriate proceedings the title to the office has been first determined. And this we think to be the correct rule, amply supported in reason and by authority.

The rule is thus stated in High's Extraordinary Legal Remedies (section 103, third edition) : "When there is an actual incumbent of an office, holding his position and exercising its functions under color of right, *mandamus* will not lie to a state auditor to compel him to audit the claim of another person for the salary of the office. In such case it is sufficient objection to relief by *mandamus* that a conflict of title is presented, which can be determined only by proceedings in *quo warranto,* and the auditor himself has no power to inquire into the regularity of the commission issued for the office, or to determine the disputed title. And the title to an office will not be determined in a proceeding by *mandamus* to compel payment of its salary to a claimant of the office."

The question was very carefully considered in *Selby* v. *City of Portland,* 14 Or. 243, [58 Am. Rep. 307, 12 Pac. 377], where, as the court indicated, certain police officers had probably been improperly removed, and successors appointed in their places. After reviewing many cases upon the subject the court said: "None of the cases referred to indicate that an action to recover the salary of an office could be maintained while occupied by a *de facto* officer, until the right to the office has been determined by proper adjudication. Such a determination could not properly be had in this case, as it would determine the rights of parties not before the court. It would be a determination that the incumbents who succeeded the appellant and his assignors were intruders and usurpers, when they were not before the court." The court directed the trial court to dismiss the proceeding.

The court of errors and appeals of Delaware, in *Lee* v. *Mayor etc.,* 1 Marv. (Del.) 65, [40 Atl. 663], lays down the same rule, and distinctly holds that a *de jure* officer, out of possession, cannot recover the salary of an office in

the possession of a *de facto* officer until he has had his right to the office established in an appropriate action, in which the *de facto* officer is made a party. This case cites with approval the Oregon case above cited.

The case of *Gorley* v. *City of Louisville,* 104 Ky. 372, [47 S. W. 263], decided by the court of appeals of Kentucky, lays down the same rule, and quotes with approval from *Selby* v. *City of Portland,* 14 Or. 243, [58 Am. Rep. 307, 12 Pac. 377]. This was also the case of a removed police officer seeking to recover his salary.

*Goodnow* v. *Police Commissioners,* 80 Mo. App. 207, was, like the case at bar, a proceeding in *mandamus* by a discharged policeman to compel payment of his salary. The court said: "But if it should be granted that the discharge was not for the purpose of reducing the force, and that the place was filled by another appointee, there would still be a barrier to the relief claimed by the relator. He is asking for the payment of salary for a period when he was not in possession of the office occupied by another, before his right to the office has been adjudicated by a judgment of reinstatement. It has been and is an unsettled question whether an officer can recover unearned fees or salary. But it ought to be clear that an action for the salary cannot be maintained by the party out of possession of the office before his right to the office has been judicially ascertained, and that it cannot be ascertained by the mere action for the salary, where the occupant of the office cannot be a party. The question has recently undergone a thorough discussion in the supreme courts of Delaware, Kentucky and Oregon, the two latter being cases of discharged policemen, and the first being the case of discharged register of births and secretary to the board of health. The cases are logically and ably reasoned and the conclusion reached that such action cannot be maintained."

It was held in *Meredith* v. *Board of Supervisors,* 50 Cal. 433, that a writ of mandate does not lie to try the title to an office, and that in such an action the right to the fees cannot be determined until the title to the office, occupied by a *de facto* officer, has been determined.

None of the cases cited by respondent are in conflict with the rule as laid down in the cases above cited. In all of the cases cited by respondent, where a plaintiff was allowed to compel payment of salary in *mandamus,* he had either first established his title to the office in an appropriate proceeding, in which the occupant had been made a party, or was found to be both the *de jure* and *de facto* officer.

In making this statement we have not overlooked *McKannay* v. *Horton,* 151 Cal. 711, [121 Am. St. Rep. 146, 91 Pac. 598, 13 L. R. A., N. S., 661]. There two persons were claiming to be *de jure* and *de facto* secretaries of the mayor of San Francisco. McKannay claimed under an appointment from Dr. Taylor, who claimed to be both the *de facto* and *de jure* mayor; while the other, Boyle, claimed under appointment from Schmitz, who, though recently convicted of a felony, claimed to be both *de facto* and *de jure* mayor. The supreme court required the petition and the alternative writ to be served both upon Boyle and Schmitz. Both Schmitz and Dr. Taylor were exercising some of the functions of the office of mayor. Boyle was acting as secretary to Schmitz, and McKannay was acting as secretary to Dr. Taylor. The court said: "There cannot be two *de facto* incumbents of one office at the same time; and where two are acting simultaneously, each under claim of right, that one alone will be recognized who appears to have the better legal title." The court then proceeded to determine that Dr. Taylor was the *de jure* mayor, and therefore the *de facto* mayor. From this it necessarily followed that McKannay, his appointee, was both the *de jure* and *de facto* secretary.

We cannot consider the McKannay case as holding that one wholly out of possession of an office may compel payment of the salary without first establishing his title thereto by the usual and appropriate proceeding against the person in the actual and complete possession of the office under claim and color of office. This is what plaintiff in the case at bar has attempted to do, and which we are of the opinion may not be done.

The court therefore erred in a most material matter in failing to find upon the issue presented as to the occupancy of the office.

Under the views we entertain upon the point discussed it is not necessary to pass upon the other questions raised by counsel as to the legality of the action of the board in discharging plaintiff and appointing another to his position. Especially is this true in view of the fact that the actual occupant of the office, whose rights will be vitally affected by the determination of the other questions discussed, is not before the court.

The order denying the motion for a new trial is reversed.

Kerrigan, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1911.