[Sac. No. 4959. In Bank.—June 20, 1935.]

JOHN P. BRENNAN, Respondent, v. RAY L. RILEY, as State Controller, etc., Appellant.

[S. F. No. 15395. In Bank.—June 20, 1935.]

THOMAS M. FOLEY, Petitioner, v. RAY L. RILEY, as State Controller, etc., Respondent.

U. S. Webb, Attorney-General, Robert W. Harrison, Chief Deputy Attorney-General, and Leon French, Deputy Attorney-General, for Ray L. Riley, as State Controller.

Leo R. Friedman and William A. Lahanier for Petitioner Thomas M. Foley.

P. H. Johnson for Respondent John P. Brennan.

THE COURT.—The first of the above-entitled cases was brought by John P. Brennan in the Superior Court of Sacramento County for the purpose of securing a peremptory writ of mandate directing the controller of the state to issue a warrant in petitioner's favor directing the treasurer of the state to pay petitioner the sum of $500 as salary for the month of December, 1934, as chairman of the veterans' welfare board. By amendment the prayer was changed to ask that warrant issue for $416.66 upon the allegation that the board of control, with the approval of the governor, had fixed the salary at $5,000 per annum. The peremptory writ was issued and respondent appealed from the judgment to the District Court of Appeal. By reason of the filing in this court of the second action, we transferred the cause here in order that both might be determined at the same time. The second action is one brought by Thomas M. Foley, seeking a writ of mandate to compel the controller to issue him a warrant for $500 as salary for the month of January, 1935, as the director of the department of military and veterans' affairs. The argument of the parties proceeds upon the theory that both petitioners claim to occupy the same office, which situation grows out of the following circumstances:

Section 3 of the California Veterans' Welfare Act (Deering's Gen. Laws, 1931, p. 4318) provides in part as follows:

"For the purposes of this act the 'veterans welfare board' is hereby created. This board shall consist of five members to be appointed by the governor to hold office for a term of four years and until their successors have been appointed and shall qualify. Four of such members shall be veterans. Of the members first appointed one shall be appointed to hold office until the first day of January, 1922, one until the first day of January, 1923, one until the first day of January, 1924, and two until the first day of January, 1925. *The governor shall designate one of the veteran members as chairman of the board and director of veterans' welfare.* The secretary may or may not be a member of the board.

"Each member of the board other than the chairman and other than the secretary, if he be a member of the board, shall receive for each day's attendance at each meeting of

the board a per diem to be fixed by the state board of control with the approval of the governor, and shall also receive the same per diem for each day spent in performing any duty required of him under the direction of the board in the performance of its official duties. The chairman shall receive a salary to be fixed by the state board of control with the approval of the governor. The members shall also receive their actual necessary traveling expenses in the discharge of their duties. Each member of the board shall be a civil executive officer.'' (Italics ours.)

In 1933 former sections 374, 374a to 374f of the Political Code, both inclusive (all enacted in 1929), were incorporated into the Military Code (Stats. 1933, pp. 2501–2503), and from it we quote material provisions as follows:

''11. The Department. There is in the State government a Department of Military and Veterans' Affairs.

''12. The Director. The department shall be conducted by an executive officer known as the Director of Military and Veterans' Affairs. The director shall be appointed from the chiefs of the divisions of the department by and hold office at the pleasure of the Governor and shall receive a salary of six thousand dollars per annum and all his actual and necessary traveling expenses incurred in the performance of his duties. He shall be a member of the Governor's Council. He shall have only such powers and duties, and such jurisdiction and control over the divisions of the department, as may be vested in him or authorized by law or by any division of the department.

''13. Bond. Before entering upon the duties of his office, he shall execute an official bond to the State of California in the Penal sum of twenty-five thousand dollars contitioned upon the faithful performance of his duties.

''14. The Divisions. For the purpose of administration, the department shall be forthwith organized by the director in such manner as he shall deem necessary and proper to conduct the work of the department and shall be divided into four divisions as follows:

'' (b) Veterans' Welfare. The Division of Veterans' Welfare, which shall be administered by the Veterans' Welfare Board, the chairman of said board being the chief of the division;''

It appears from the record that John P. Brennan was first appointed a member of the veterans' welfare board on January 12, 1932, for the term ending January 1, 1936. On May 23, 1932, he was designated by the governor as chairman of the board in the place of Allen B. Bixby, resigned, and on February 20, 1933, was appointed to the vacancy created by the expiration of Bixby's term, which new term would expire January 1, 1937.

On December 6, 1934, Thomas M. Foley was appointed a member of the board to fill the vacancy caused by the resignation of Walter B. Kibbey. At the same time the governor designated Foley as chairman of the board and also as director of military and veterans' affairs. On January 1, 1935, Foley was reappointed and redesignated.

█ Inasmuch as both claimants to the office of chairman of the veterans' welfare board have brought action against the controller, neither of them raise any question concerning the right of the court to determine title to the office in a proceeding of this character. It is well, however, to bear in mind the rule announced, together with its limitation, in *McKannay* v. *Norton,* 151 Cal. 711 [91 Pac. 598, 121 Am. St. Rep. 146, 13 L. R. A. (N. S.) 661]. In other words, as there, we may inquire into the question of who is the occupant of the office for the purpose of determining to whom the salary is payable.

Some contention is advanced concerning the bond of Brennan, but our examination of the record discloses that he had filed an enforceable bond and that no question may legitimately be raised concerning it. Nor can it be seriously contended that he was not a member of the board and chairman thereof to and including December 6, 1934.

█ We now come to the main and determinative question of whether the office of chairman is annexed to a membership on the board for the term of that membership, when the person occupying that position has once been designated by the governor, or whether the chairmanship is held at the pleasure of the appointing power. Counsel for Brennan rely upon authorities from other jurisdictions dealing with special statutes applying to boards of commissioners and the selection of a presiding officer upon the organization of the board. We think these cases fall short of the mark, because of constitutional and statutory provisions. In

article XX of the Constitution dealing with miscellaneous subjects, and in section 16 thereof, we find the following: "When the term of any officer or commissioner is not provided for in this constitution, the term of such officer or commissioner may be declared by law; and if not so declared, such officer or commissioner shall hold his position as such officer or commissioner during the pleasure of the authority making the appointment; . . . " And section 878 of the Political Code reads as follows: "Every office of which the duration is not fixed by law is held at the pleasure of the appointing power." By the wording of the section authorizing the appointment of the board and the designation of one of the veteran members as chairman it is manifest that the office of chairman is separate from the office of a member—hence the term of the chairman is not fixed. Under such circumstances we are bound to conclude that the office of chairman is held at the pleasure of the appointing power.

As we have already observed, the petitioner Brennan occupied the office to and until December 7, 1934, and the petitioner Foley has held it since that time. Brennan is entitled to that part of the salary for which he has served and Foley thereafter.

The judgment in the case of *Brennan* v. *Riley* is reversed with instructions to the trial court to enter judgment in accordance herewith, and it is ordered that the peremptory writ issue in the case of *Foley* v. *Riley*.