[S. F. No. 18702. In Bank. Dec. 23, 1952.]

GREGORY S. STOUT et al., Petitioners, v. DEMOCRATIC COUNTY CENTRAL COMMITTEE et al., Respondents; FITZGERALD AMES et al., Real Parties in Interest.

92

Delany, Fishgold & Minudri, Molly H. Minudri and Manuel Furtado for Petitioners.

Albert Brundage, in pro. per., for Respondent Louise T. O'Connor et al.

Thomas E. Feeney, Robert I. McCarthy and A. J. Zirpoli for Respondent Committee et al., and Real Parties in Interest.

CARTER, J.—Seven of the petitioners in this petition for a writ of mandate were duly elected at the June, 1952, primary election as members of the Democratic County Central Committee for the City and County of San Francisco; one petitioner, Collins, is an ex officio member by reason of section 2838 of the Elections Code which makes the nominee of the party for state senator or the incumbent of the nominees of the party for the assembly ex officio a member of the county

central committee. Respondents are the Democratic County Central Committee and 23 duly elected members of the committee. Designated as real parties in interest are 25 persons who, after the primary election, were appointed by a majority of the committee to serve as additional committee members pursuant to section 2833 of the Elections Code.[1]

Charging that the italicized portion of section 2833, *supra,* violates various provisions of the Constitution forbidding local and special laws (Cal. Const., art. I, § 11; art. IV, § 25(9)), petitioners assert that the real parties in interest are unlawfully holding the position of committeemen and request that the committee be ordered by a writ of mandate to revoke their appointment.

Respondents claim that mandamus is not the proper remedy here; that quo warranto is; and that section 2833 of the Elections Code, *supra,* is valid.

Turning first to the question of remedy, it may be said generally that title to public office cannot be tried in a mandamus proceeding (*Nider* v. *City Commission,* 36 Cal. App.2d 14, 26 [97 P.2d 293]; *Black* v. *Board of Police Commrs.,* 17 Cal.App. 310 [119 P. 674]; *Meredith* v. *Board of Supervisors,* 50 Cal. 433; *Humburg* v. *Board of Police & Fire Commrs.,* 27 Cal.App. 6 [148 P. 802]; *People* v. *Bailey,* 30 Cal.App. 581 [158 P. 1036]; *People* v. *Olds,* 3 Cal. 167 [58 Am.Dec. 398]; 16 Cal.Jur. 792) for the reason that quo warranto is an adequate remedy. There are, however, many limitations on that rule and it cannot be applied in all cases. (See 22 Cal.Jur. 792 et seq.; 9 So.Cal.L.Rev. 189, 211.) Various reasons are given for the rule, such as that where there are two claimants for the office, one would not be a party in the mandamus proceeding and complete relief could not be given, and that when title to a public office is involved, sovereign power by quo warranto should be invoked in preference to private interests in order to avoid undue interference with government. (See High's Extraordinary Legal Remedies, § 49 et seq.; *People* v. *Olds, supra,* 3 Cal. 167.) Considering the foregoing factors, it has been held proper in mandamus to determine whether the office claimed by a person

---

[1] "In any city and county the county central committee of each party shall be elected by each assembly district and shall consist of five members from each assembly district in the city and county. *The county committee in any city and county may increase its membership by a majority vote of the committee.*" (Italics added.) (Elections Code, § 2833.)

legally exists. (*Spaulding* v. *Desmond,* 188 Cal. 783 [207 P. 896].) ▮ Title to office may be incidentally determined in mandamus (*McKannay* v. *Horton,* 151 Cal. 711 [91 P. 598, 121 Am.St.Rep. 146, 13 L.R.A.N.S. 661] ; *Bannerman* v. *Boyle,* 160 Cal. 197 [116 P. 732] ; *Brennan* v. *Riley,* 3 Cal.2d 736 [46 P.2d 972] ; *Klose* v. *Superior Court,* 96 Cal.App.2d 913 [217 P.2d 97] ) and discretion rests with the court to determine whether the title should be so determined. (*McKannay* v. *Horton, supra,* 151 Cal. 711; *Klose* v. *Superior Court, supra,* 96 Cal.App.2d 913.) ▮ Generally, quo warranto is appropriate only where there is involved a public office in the sense that the incumbent exercises some of the sovereign powers of government (*Coulter* v. *Pool,* 187 Cal. 181 [201 P. 120] ; *People ex rel. Chapman* v. *Rapsey,* 16 Cal.2d 636 [107 P.2d 388] ; *Leymel* v. *Johnson,* 105 Cal.App. 694 [288 P. 858] ), and it has been held that a party committeeman is not such an officer because he performs duties and exercises powers for a particular political party rather than the sovereign power of the public (*Tuck* v. *Cotton,* 175 Ark. 409 [299 S.W. 613] ; *People* v. *Brady,* 302 Ill. 576 [135 N.E. 87] ; *Attorney General* v. *Drohan,* 169 Mass. 534 [48 N.E. 279, 61 Am.St.Rep. 301] ; contra *Dastugue* v. *Cohen,* 14 La.App. 475 [131 So. 746] ; *Morris* v. *Peters,* 203 Ga. 350 [46 S.E.2d 729] ). We recognize, of course, that such committeemen perform important duties as a means through which the right of suffrage is exercised (*Independent Progressive Party* v. *County Clerks,* 31 Cal.2d 549 [191 P.2d 6] ) and primaries are a part of the election process (*In re McGee,* 36 Cal.2d 592, 596 [226 P.2d 1] ).

▮ In the instant case we have only one claimant to each of the "offices" (the additional committee memberships created) and it is doubtful that they are public officers for the purpose of quo warranto. ▮ The real question presented is whether those offices exist at all, because their existence depends upon the validity of the italicized portion of section 2833 of the Elections Code, *supra.* The title of the persons named to those additional offices is incidental to that main question. We hold, therefore, that mandamus is the proper remedy. The case of *Malone* v. *Superior Court,* (Cal.App.)* 249 P.2d 324 (Oct. 30, 1952), being out of harmony with these views is disapproved.

▮ Concerning the validity of section 2833, it appears that it applies only to cities and counties. There is only

---

*A hearing was granted by the Supreme Court on December 19, 1952.

one city and county in the state, namely, San Francisco, and it is the only place where the membership of the county central committee may be increased and the additional members appointed by the committee. The law applicable to other counties is as follows: In counties with four assembly districts the committee is elected by supervisor districts, five members for each district (Elec. Code, § 2835.5); in counties with less than four assembly districts the committee is elected by supervisor districts, the number being based on a formula applied to the number of votes cast at the last gubernatorial election but not less than 21 members (*id.* § 2837); in counties with 20 or more assembly districts there are seven members for each district (*id.* § 2834); in counties with more than five and less than 20 assembly districts there are five members for each district (*id.* § 2835). Assembly districts are established on the basis of population distribution. (Cal. Const., art. IV, § 6.) Thus the number of committeemen are apportioned according to population as determined by the Legislature, and are chosen by the electorate except in San Francisco. We can see no rational basis for such a classification. While it is true that the other counties in the state are classified according to the number of assembly districts, or the voters at the last election, which may be a reasonable basis, there is no basis for the selection of one county in the state, and provision that in such county, an unspecified additional number, above the number fixed as in the other counties by assembly districts, may be appointed by the committee. There is no conceivable reason why the number and nonlegislative ascertainment thereof should be different. There is no reasonable relation between the method of ascertaining the number and the population or the fact that San Francisco City and County is a compact area with little or no rural territory. The recent case of *Hollman* v. *Warren,* 32 Cal.2d 351 [196 P.2d 562], is closely in point. We there held a statute which limited the number of notaries public in San Francisco was an invalid special and local law. We there said: "The legislation on its face expressly chooses without reason to limit the number of notaries for one county, and one county only, thus leaving no room for the presumption of constitutionality or for the presumption that the Legislature had a conceivably rational basis for the limitation on the number of notaries for San Francisco, or the presumption of constitutionality from the long existence of the statute without attack. . . ."

"The most recent expression by this court in regard to special and local laws, and what constitutes a proper basis for the classification of counties, is contained in *Consolidated Printing & Publ. Co.* v. *Allen,* 18 Cal.2d 63 [112 P.2d 884]. There the statute provided a method for the publication of delinquent tax lists for counties of the first class (Los Angeles is the only county of that class) different from that for all other counties. In holding the statute invalid this court said: 'We find no natural, intrinsic, or constitutional ground of distinction between the county of Los Angeles and other counties which would justify the application of a special procedure with reference to the sale of delinquent property.'"

We hold, therefore, that the italicized portion of section 2833 of the Elections Code, *supra,* is invalid, and it is ordered that a peremptory writ of mandate issue, commanding respondents to revoke the appointment of the additional members to the Democratic Central Committee for San Francisco City and County. Each party shall pay his own costs in this proceeding. Pursuant to stipulation the writ issued hereunder may be served upon counsel for respondents and real parties in interest in lieu of service on each respondent and real party in interest. Let the peremptory writ of mandate issue forthwith.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—That mandate lies solely to compel the performance of a duty especially enjoined by law is well established. (*Spaulding* v. *Desmond,* 188 Cal. 783, 789 [207 P. 896], and cases cited therein.) I dissented in *Hollman* v. *Warren,* 32 Cal.2d 351 [196 P.2d 562], on the ground that the petitioner failed to establish a clear legal duty upon the governor to consider her application. In the present case, the petitioners have even less basis for the position that the elected members of the committee have a duty to revoke the appointments made by them pursuant to the challenged code section. The only purpose of this proceeding is to compel them to do so. Even if it be conceded that the statute is unconstitutional, no showing is made that the committee has a clear legal duty to revoke the appointments.

I would, therefore, deny the peremptory writ.