TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 93-815 |
| of | : | |
| | : | October 13, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

---

Rolland Boceta ("relator") has requested leave to sue Adrianne Hakes ("defendant") in quo warranto upon the following:

ISSUES OF FACT OR LAW

Does defendant validly hold the position of Superintendent of the La Puente Valley Regional Occupational Program following the refusal of the Joint Board of Management to renew defendant's contract upon its expiration on June 30, 1993?

DISPOSITION

An action in quo warranto tests a person's right or entitlement to a position which constitutes a "public office." The position of Superintendent of the La Puente Valley Regional Occupational Program is not a public office for purposes of a quo warranto action. Consequently, leave to sue is denied.

MATERIAL FACTS

The La Puente Valley Regional Occupational Program is a joint powers agency consisting of the Bassett Unified School District, the Hacienda La Puente Unified School District, the Rowland Unified School District, and the Walnut Valley Unified School District. The program's Joint Board of Management ("Board") is comprised of one representative of each constituent district.

On June 11, 1991, the Board appointed defendant superintendent of the program and entered into a contract of employment for a term which expired on June 30, 1993. On November 10, 1992, the Board refused to extend defendant's contract through June 30, 1995. Nevertheless, defendant continues to occupy the position without salary.

1. 93-815

ANALYSIS

Code of Civil Procedure section 803 provides:

> "An action may be brought by the attorney general, in the name of the people of this state . . . upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office  . . . ."

A quo warranto action may be maintained where a "public office" is involved in which the incumbent exercises some of the sovereign powers of government. (*Stout v. Democratic County Central Committee etc.* (1953) 40 Cal.2d 91, 94.)  Here, it must be determined whether the position of Superintendent of the La Puente Valley Regional Occupational Program is a public office for purposes of Code of Civil Procedure section 803.  We conclude in the negative.

In a different context, pertaining to the common law doctrine of incompatible public offices, the court in *People ex rel. Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 639-640, quoted from prior authorities as follows:

> "`"The words `public office' are used in so many senses the courts have affirmed that it is hardly possible to undertake a precise definition which will adequately and effectively cover every situation.  Definitions and application of this phrase depend, not upon how the particular office in question may be designated nor upon what a statute may name it, but upon the power granted and wielded, the duties and functions performed, and other circumstances which manifest the nature of the position and mark its character, irrespective of any formal designation.  But so far as definition has been attempted, a public office is said to be the right, authority, and duty, created and conferred by law - the tenure of which is not transient, occasional, or incidental - by which for a given period an individual is invested with power to perform a public function for public benefit.

> "`". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> "`"Of the various characteristics attached to public office by definition, some are regarded as indispensable, and others, while not in themselves conclusive, are yet said to indicate more or less strongly the legislative intent to create or not to create an office.  One of the prime requisites is that office be created by the Constitution or authorized by some statute.  And it is essential that the incumbent be clothed with a part of the sovereignty of the state to be exercised in the interest of the public."""[1]

For purposes of the incompatible offices doctrine, we have summarized the nature of a public office as (1) a position in government, (2) which is created or authorized by the Constitution or by law, (3) the tenure of which is continuing and permanent, not occasional or temporary, (4) in which the incumbent performs a public function for the public benefit and exercises some of the sovereign powers of the state. ( See, e.g., 74 Ops.Cal.Atty.Gen. 82, 83 (1991); 73 Ops. Cal.Atty.Gen. 183, 184 (1990); 68 Ops.Cal.Atty. Gen. 337, 342 (1985).)

---

[1] Based upon this language in *Rapsey*, we need not be constrained in this analysis by defendant's title of "superintendent" and designation as "chief administrative officer" in the joint powers agreement.

Clearly a joint powers agency is a public entity (Gov. Code, § 6507) and, therefore, we are concerned with a position in government. However, the position in question is neither created nor authorized by the Constitution or by law. (Cf. 68 Ops.Cal.Atty.Gen., *supra*, 344-345.) Rather, its existence, dimensions, and duration are prescribed by contract; the position is not, therefore, continuing and permanent. (Cf. 68 Ops.Cal.Atty.Gen., *supra*, 345.) In *Main* v. *Claremont Unified School District* (1958) 161 Cal.App.2d 189, 198, the court stated: "Existence of a contract of employment is essentially inconsistent with the status of a public officer." In *Stewart* v. *Evans* (1927) 84 Cal.App. 312, 321, the court quoted from an Oklahoma case as follows: "`. . . Employment arising out of the contract whereby the person employed acts under the direction or control of others, and which employment depends for its duration and extent upon such a contract, is not an office.'"

Moreover, defendant does not exercise any of the sovereign powers of the state. In *Schaefer* v. *Superior Court* (1952) 113 Cal.App.2d 428, 432-433, the court clarified the meaning of the phrase "sovereign powers of the state" as follows:

"If specific statutory and independent duties are imposed upon an appointee is relation to the exercise of the police powers of the State, if the appointee is invested with independent power in the disposition of public property or with the power to incur financial obligations upon the part of the county or state, if he is empowered to act in those multitudinous cases involving business or political dealings between individuals and the public, wherein the latter must necessarily act through an official agency, then such functions are a part of the sovereignty of the state."

Whether a person exercises the sovereign powers of the state and thus holds a public office is not always easily determined when considering the functions of public agency executives. Under varying circumstances and for differing purposes, some government administrators have been found to hold public offices. (See, e.g., 68 Ops.Cal.Atty.Gen. 337, *supra*, [general manager of a hospital district]; 68 Ops.Cal.Atty.Gen. 34 (1985) [executive director of the California Transportation Commission]; 67 Ops.Cal.Atty.Gen. 409 (1984) [general manager of a county water district]; 51 Ops.Cal.Atty.Gen. 183 (1968) [city manager]; 24 Ops.Cal.Atty.Gen. 188 (1954) [general manager of a public utilities district]; 22 Ops.Cal.Atty.Gen. 83 (1953) [city administrator.)

On the other hand, a government administrative position has just as often been held not to constitute a public office. (See, e.g., *Main* v. *Claremont Unified School Dist., supra,* 161 Cal.App.2d 189, [superintendent of a unified school district]; *Schaefer* v. *Superior Court, supra,* 113 Cal.App.2d 428 [administrator of a district office of the Department of Employment]; 65 Ops.Cal.Atty.Gen. 316 (1982) [administrator of an area office of the Department of Consumer Affairs] 40 Ops.Cal.Atty.Gen. 238 (1962) [manager of a district agricultural association]; 26 Ops.Cal.Atty.Gen. 29 (1955) [county administrator]; 19 Ops.Cal.Atty.Gen. 119 (1952) [manager of a joint powers agency]; Cal. Atty. Gen., Indexed Letter, No. 78-102 (July 18, 1978) [administrator of a county housing authority]; Cal. Atty. Gen., Indexed Letter, No. 65-62 (Feb. 18, 1965) [manager of a district office of the Department of Motor Vehicles].) Of particular significance here is our previous opinion that a regional occupational program director for an individual school district does not hold a public office for purposes of the incompatible offices doctrine. (Cal. Atty. Gen., Indexed Letter, No. 91-1004 (Dec. 2, 1991).)[2]

---

[2]While a joint powers agency is, for purposes of the law governing a joint exercise of powers, a public entity separate from the parties to the agreement (Gov. Code, § 6507), we do not believe that the duties of an administrator of a regional occupational program for several districts is significantly

We have been presented with the following excerpt from the contract between defendant and the Board which describes the duties and responsibilities of the position in question:

"Superintendent shall be the Chief Administrative Officer of the ROP. As Chief Administrative Officer, the Superintendent shall have the responsibility of organizing, reorganizing and directing the administrative and supervisory staff in a manner which best serves the ROP and in addition, shall be responsible for the selection, placement, and transfer of all employees of the district in a manner which best serves the ROP. She shall give her exclusive professional services to the ROP during the period of this Agreement except as otherwise provided in this document, and she shall attend all regular and special meetings of the Board, unless otherwise excused by the Board. She shall faithfully and diligently perform the duties and responsibilities regularly performed by the superintendents of ROPs in the state, those required by the laws of the state and the policies of the Board as well as those assigned to her from time to time by the Board."

We are presented with no information, nor may it be inferred from the duty specifications provided in connection with this application, that defendant is invested with the authority and power to dispose of property owned by the joint powers agency, to incur financial obligations on behalf of the agency, to act on behalf of the agency in business or political matters, or to exercise similar powers in which she acts directly on behalf of the agency. Thus, we may assume that the occupant of that position is not authorized to exercise the sovereign powers of the state. (74 Ops.Cal.Atty.Gen., *supra,* 85; 68 Ops.Cal.Atty.Gen., *supra,* 347.)[3]

In the absence of this essential element, and of the other indicia of public office, we conclude that the position of superintendent of the regional occupational program in question is not a public office for purposes of a quo warranto action under the terms of Code of Civil Procedure section 803. (Cf. *Main v. Claremont Unified School District, supra,* 161 Cal.App.2d at 201-204 [district superintendent of schools not an office for purposes of grand jury removal proceedings]; *Stewart v. Eaves, supra,* 84 Cal.App. at 320 [city superintendent of schools not an office for purposes of the constitutional prohibition against an increase in compensation during term of office]; 74 Ops.Cal.Atty.Gen. 82, *supra* [city fire division chief]; 56 Ops.Cal.Atty.Gen. 556 (1973) [assistant superintendent of public instruction]; 46 Ops.Cal.Atty.Gen. 74, 85-86 (1965) [community services district engineer]; 40 Ops.Cal.Atty.Gen., *supra,* 239-240 [manager of district agricultural association]; 19 Ops.Cal.Atty.Gen., *supra,*126-127 [manager of joint powers agency water project].)

The application for leave to sue is thus denied.

\* \* \* \* \*

different from the duties of an administrator for one district in considering whether either is a "public office" under the terms of Code of Civil Procedure section 803.

[3]In this regard, we observe that each regional occupational program "shall be maintained by, and subject to the authority and control of, its governing board." (Ed. Code, § 52310.5.) As stated in *Main v. Claremont Unified School District, supra,* 161 Cal.App.2d at 204: "In no real sense does the superintendent exercise independent powers. Always he operates under control of the board and hence exercises none of the sovereignty of the state."