MARIA SERRANO, ELIA MAGANA, LUIS SILVA, REHTSE VARGAS, AND RUBEN ZEPEDA have requested leave to sue in quo warranto upon the following question:
Are Rick Diaz, Ben Guitron, Juventino Cardona, Pamper Rodriguez, Vicente Ortega, Cruz Cervantes, and Javier Hernandez lawfully serving as directors of the Indio Housing Development Corporation?
 CONCLUSION
Whether Rick Diaz, Ben Guitron, Juventino Cardona, Pamper Rodriguez, Vicente Ortega, Cruz Cervantes, and Javier Hernandez are lawfully serving as directors of the Indio Housing Development Corporation does not present a substantial question of fact or law warranting judicial resolution in furtherance of the public interest. *Page 2 
 ANALYSIS
In 1981, the Indio Housing Development Corporation ("Corporation") was incorporated as a charitable organization exempt from taxation pursuant to section 501(c)(3) of the Internal Revenue Code (26 U.S.C. § 501(c)(3)). As a nonprofit, public benefit organization, the Corporation has as its primary purpose the creation of affordable housing for farm workers working in and near the city of Indio ("City"). It operates the Fred C. Young Farm Labor Center ("Center"), providing low-cost housing for approximately 1,000 farm worker family members on 20 acres of a 57-acre parcel that the Corporation owns in the City. The yearly operating budget of the Corporation is in excess of $650,000.
Under the Corporation's bylaws, its Board of Directors ("Board") is currently comprised of 10 members. Four directors are farm workers who are residents of the Center and are elected by the Center's residents. Six directors are "at-large" directors who are not residents of the Center; one is appointed by the City, one is appointed by a supervisor of the County of Riverside ("County"), and four are appointed by the Board.
Relators Magana, Silva, Vargas, and Zepeda allege that they have been duly elected or appointed as directors of the Corporation. Relator Serrano concedes that she is not eligible to be a director. Relators allege that the terms of office of defendants Guitron and Cardona as Corporation directors expired in 2004. They also allege that defendants Diaz, Rodriguez, Ortega, and Cervantes were unlawfully appointed directors by the Board after the Board unlawfully removed relators Magana, Silva, Vargas, and Zepeda from office.
Defendants allege that the election of resident directors of the Corporation held on June 13, 2004, was void due to election irregularities and that the Board properly filled the vacancies in subsequent meetings of the Board. In addition, defendants allege that the relators were properly removed from office for not attending Board meetings as required by the Corporation's bylaws.
Relators request that we grant leave to sue in quo warranto to have defendants removed from office as Corporation directors. Code of Civil Procedure section 803 provides in part:
 "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state." *Page 3 
An action filed under the terms of this statute is known as a "quo warranto" action. We generally consider two questions in determining whether to grant leave to sue in quo warranto: is a substantial question of fact or law presented that is appropriate for judicial resolution, and, if so, would the overall public interest be served by allowing the quo warranto action to be prosecuted? (See 89 Ops.Cal.Atty.Gen. 55, 56
(2006); 88 Ops.Cal.Atty.Gen. 25, 26 (2005).)
If the Corporation were a public agency and its directors were public officials, we would ordinarily grant leave to sue to resolve a substantial question concerning a person's eligibility to hold office or the manner in which an election was conducted or an appointment made. (See, e.g., 89 Ops.Cal.Atty.Gen. 55, supra [validity of appointment to board of a water agency]; 84 Ops.Cal.Atty.Gen. 135 (2001) [validity of appointments to board of resource conservation district];76 Ops.Cal.Atty.Gen. 254 (1993) [validity of appointment to city council].)
However, the Corporation is not a public agency, and its officers are not public officials. Even though two public agencies, the City and the County, each appoint one of the Corporation's directors, the directors are not exercising sovereign powers of government when conducting the Corporation's business. (See Stout v. Democratic County ControlCom. (1952) 40 Cal.2d 91, 94; People v. Mill Producers Assn. (1923)60 Cal.App. 439, 444.)
In 80 Ops.Cal.Atty.Gen. 290 (1997), we addressed a similar situation of a disputed election with respect to the directors of a nonprofit, public benefit corporation. The members of one faction claimed to have been duly elected to office, while another faction claimed that the election was void and that those elected had been properly removed from office and replaced by members of their own faction. The parties disputed whether the organization's bylaws had been violated in conducting the election or had been violated in conducting the meeting at which those elected had been removed from office and replaced by members of the other faction. We stated with respect to this election controversy:
 "While it would appear that a section 803 action in the nature of quo warranto would resolve the corporate election dispute in question, we note that such disputes are normally the subject of lawsuits not requiring the Attorney General's participation. Indeed we are aware of no case in which a disputed election of officers has given rise to an action by or on behalf of the Attorney General for the unlawful exercise of a private corporate franchise. The filing of a section 803 action in the nature of quo warranto is normally unnecessary.
"Corporations Code section 5617 provides in part as follows: *Page 4 
 `(a) Upon the filing of an action therefor by any director or member, or by any person who had the right to vote in the election at issue, the superior court of the proper county shall determine the validity of any election or appointment of any director of any corporation.
 `(b) Any person bringing an action under this section shall give notice of the action to the Attorney General, who may intervene.
 `. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 `(d) The court . . . may determine the person entitled to the office of director or may order a new election to be held . . . and may direct such other relief as may be just and proper.'
 `. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "Although the availability of an alternative remedy does not preclude the filing of an action in the nature of quo warranto by the Attorney General as a matter of law [citation], we have considered the existence of such alternatives in determining whether the issuance of leave to sue would serve the public interest. [Citations.] We have also considered the availability of adequate legal remedies in matters solely of private concern. Thus, in 9 Ops.Cal.Atty.Gen. 1, 2
(1947), we denied leave to sue. . . . In our 1947 opinion, it was contended that one private corporation was encroaching upon the name and exclusive franchise of another. In the present matter, we have an even greater focus upon a private dispute between two factions within a private corporation. Under these circumstances, the filing of an action in the name of the People of the State of California would not serve the public interest." (Id. at pp. 291-293, fn. omitted.)
Consistent with our 1997 opinion, we find that Corporations Code section 5617 provides a judicial remedy for challenging corporation election results. Although the Legislature has set a general nine-month limitations period for bringing an action to challenge "the validity of any election, appointment or removal of a director or directors" (Corp. Code, § 5527), we do not view a quo warranto action as a necessary "back-up" where the limitations period has run. (See City of Campbell.v. Mosk (1961) 197 Cal.App.2d 640, 645-646, 651;People v. Bailey (1916) 30 Cal.App. 581, 585 [quo warranto action not appropriate "if by reason of a great lapse of time the claim has become stale, or for any other reason the state has ceased to have a present interest in it"].) Here, relators have waited two years to press their claims to the disputed offices. We find no reason in the present *Page 5 
circumstances for disregarding the Legislature's limitations period for bringing a judicial action to resolve this corporate election dispute.
We conclude that whether Rick Diaz, Ben Guitron, Juventino Cardona, Pamper Rodriguez, Vincent Ortega, Cruz Cervantes, and Javier Hernandez are lawfully serving as directors of the Corporation does not present a substantial question of fact or law warranting judicial resolution in furtherance of the public interest.